## MILTON MAST ET AL. v. F. A. TIBBLES.

(Case No. 1290.)

1. PLEADING.— The action of the court in overruling exceptions to a petition which sets up a construction placed upon a written instrument by the parties to it is unimportant on appeal when the record shows that the judge, on the trial, placed the same construction on the instrument, in the absence of any evidence to explain its terms.
2. STALE DEMAND — PLEADING.— The defendant in trespass to try title cannot interpose, by exception, the defense of stale demand against a legal title evidenced by a patent from the state pleaded by plaintiff, when the petition states no act of possession or claim by the defendant.
3. CONSTRUCTION OF CONTRACT.— See statement for a contract made in 1836 which was construed to convey an undivided half of the land·to which one of the parties was entitled as a colonist, and which empowered him to sell that half and no more.
4. EVIDENCE.— The evidence of a party to a suit, in effect that he did not know that the deceased ancestor of the adverse party claimed an interest in the land involved in the suit, is not in violation of art. 2248, R. S., which forbids parties in certain cases from testifying as to statements by, or transactions with, deceased parties, it not appearing that the knowledge or want of knowledge depended on any such statements.
5. INNOCENT PURCHASER.— To constitute one an innocent purchaser he must have purchased the land from some one having the apparent title, without notice that he had parted with the title before selling to him who sets up such a defense.
6. TENANT IN COMMON.— One purchasing from a tenant in common cannot acquire, to the prejudice of the co-tenant, title to any specific portion of the land, but must hold it subject to all existing equities between co-tenants, to be settled on partition.
7. ESTOPPEL.— No length of time will estop the real owner of land properly patented to him from asserting his rights as against an adverse claimant, however notorious the claim, when it is not accompanied with possession.

APPEAL from Rains.    Tried below¨ before the Hon. Green J. Clark.

Tibbles brought trespass to try title against James H. Starr and several other defendants, October 19, 1880, to recover an undivided half interest of a league of land. He also prayed for partition of the land between himself and the defendants.

All the defendants except James H. Starr, Emily S. Wells, Milton Mast, Leona Teutsch (formerly Leona Mast), and her husband, William Teutsch, filed disclaimers; the defendants last named filed pleas of not guilty, general denial, statute of limitations of ten years and stale demand. Defendants Milton Mast and Teutsch and wife, as heirs of Jacob Mast, deceased, set up the plea of innocent purchase by their ancestor, for a valuable consideration, without notice of any adverse claim, of three hundred and thirteen acres of the land sued for

by the plaintiff; and set forth the metes and bounds of the land so claimed by them under the purchase of their ancestor.

Appellee filed an amended original petition, in which he claimed a specific portion of the land, viz., all that patented to Frederick A. Tibbles by the state of Texas by patent dated 19th April, 1850, patent No. 381, vol. 3, and did not ask for partition; but prayed for a writ of restitution as to the land sued for and described in the patent and in the amended original petition by metes and bounds.

Tibbles filed a first supplemental petition, in which he sets up that one of the papers referred to in defendants' abstract of title and on file to be used as evidence in the case, was a contract between John Forbes and himself for obtaining, locating, patenting, etc., plaintiff's headright certificate. He set out what he believed to be the legal effect of the paper referred to; did not plead *non est factum* as to it, but says he could not read, and that the paper was drawn up by Forbes and brought to him, and that if it did not contain what he stated, a fraud was practiced upon him.

Appellants filed their first supplemental answer, consisting of general and special exceptions to the first supplemental petition of the plaintiff, a general denial of all the allegations of plaintiff's first supplemental petition, and facts specially set up in reply to the alleged legal effect of the papers attacked by plaintiff in his said first supplemental petition.

The exceptions of defendants to the petitions of plaintiff were overruled; the case was tried with the intervention of a jury, and the defendant James H. Starr recovered from the plaintiff one-half the land originally sued for, and the plaintiff recovered against Emily S. Wells, Milton Mast and Teutsch and wife the other half. The defendants last named appealed.

The instrument referred to in the opinion and construed was as follows:

"REPUBLIC OF TEXAS.

"In the town of Nacogdoches, on this 26th day of December, 1836.

"Know all men by these presents, that I, Frederick A. Tibbles, for and in consideration of the sum of $500 to me in hand truly paid by John Forbes, the receipt whereof is hereby acknowledged, have this day granted, sold, bargained and passed over in fair and *bona fide* sale to the said John Forbes, all my right and title which I now or may hereafter have of, in and to the undivided half of a league and labor of land, or whatever quantity of land I am entitled to as a colonist and citizen of Texas:

" To have, hold and enjoy the said half league and labor of land to him, the said Forbes, his heirs or assigns, in as full, free and ample a manner as I could have enjoyed the same myself. And I hereby bind myself, my heirs, administrators and assigns, to the said John Forbes in the sum of $5,000, for the true and faithful payment of which, as well for the payment of all damages which may accrue by reason of any default of mine in complying with the undermentioned condition, I bind myself, my heirs, administrators and assigns, with all my properties, present and future, real and personal, to the said John Forbes, his heirs and assigns. To be void on condition that I make to the said John Forbes a good, lawful and sufficient title to the aforesaid land so soon as by law I can do so.

" And further, know all men by these presents, that I, Frederick A. Tibbles, for divers good causes and considerations me hereunto moving, have this day constituted, nominated and appointed said John Forbes, and by these presents do constitute and appoint him my true and lawful attorney, for me and in my name, to sell, alien, convey, receive pay for and execute full, perfect and complete and *bona fide* titles in my name for the before-mentioned quantity of land, and for me and in my name said titles to make to any person or persons he may choose. Hereby and by these presents granting to said Forbes a full, free and perfect administration of all my rights, powers, privileges and faculties of, in and to the said land appertaining, with all its appurtenances, with full, free and irrevocable power to my said attorney to take possession of, sue for and receive, cultivate, hold, enjoy, sell, alien, convey and good and perfect titles to make in my name to any person or persons for said land, hereby ratifying and confirming fully and completely, and in all due and legal form, any and all the acts which my said attorney may do in my name in the premises, and declaring any sale, transfer, warranty, deed of, and in fine all my said attorney may do, to be as legal and binding on me, my heirs, administrators and assigns, in law and equity, to all intents and purposes as if done by me in my own proper person. Hereby fully and completely renouncing in due form all laws or parts of laws which may in any respect favor me, my heirs, administrators or assigns, in any attempt whatever to annul any part or all of this instrument, and hereby binding myself, my heirs, administrators and assigns, with all my properties, present and future, and particularly and in an especial manner the land I am entitled to as a colonist and citizen of Texas, to comply with all the terms and undertakings in this instrument contained, and do all in my power to do to perfect good, legal and sufficient titles to said John Forbes or

his heirs for the before-mentioned land. Hereby submitting myself without the liberty of appeal or exception for any want of form in this instrument to the honorable judges and judiciary of this republic, and particularly of this county, in order that they enforce the obligations and undertakings in this instrument contained. In witness whereof I have this 26th day of December, 1836, set my hand and affixed my seal in the presence of witnesses.

. his

"FREDERICK A. ⋈ A. TIBBLES.    [SEAL.]

"Witnesses:                          mark.

    "J. SNIVELY.

    "HENRY RAGUET."

*F. B. Sexton,* for appellant, cited: R. S., art. 2248; McCampbell *v.* Henderson, 50 Tex., 613; Donley *v.* Wiggins, 52 Tex., 304; Davis *v.* Loftin, 6 Tex., 500; Flanagan *v.* Oberthier, 50 Tex., 383; Johnson *v.* Newman, 43 Tex., 640; De Cordova *v.* Smith, 9 Tex., 129; 1 Greenl. on Ev., sec. 588, pp. 98, 99.

*Perkins, Yokum & Martin,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— It is unnecessary to consider the assignment of error which presents the question of the propriety of the ruling of the court below in overruling the first, second, third, fourth and fifth special exceptions filed by the defendants to the plaintiff's supplemental petition, which contained averments as to the understanding and agreement between Forbes and Tibbles at the time the instrument of date December 26, 1836, was executed, and as to the circumstances which then attended the parties. In view of the fact that the court below placed the same construction upon that instrument as the supplemental petition alleged was the true intent and meaning of the parties, and this without basing that construction upon any evidence introduced under that petition, the ruling was unimportant. For, if the construction placed upon the instrument was the correct one, no injury could have resulted from the averments of the petition, which, in effect, alleged that the parties intended by the instrument to make just such a contract as the court held was evidenced by it.

The sixth exception presented the question of stale demand. The plaintiff, in his pleadings, relied upon a legal title evidenced by a patent from the state to himself, and stated no act of possession or claim by the defendants which could make available to the defendants, by exception, the defense of stale demand.

The third assignment calls in question the correctness of the construction by the court of the instrument executed by Tibbles to Forbes, of date December 26, 1836.

In the construction complained of the court, in effect, construed that instrument to convey to Forbes an undivided one-half of the land to which Tibbles was entitled, as a colonist or citizen of Texas, and to empower him to sell that half, and no more. We are of the opinion that the construction given to that instrument was the true one, testing the instrument alone by the language in which it is written.

If we take into consideration, as did the judge who tried the cause, the surroundings of the parties, the condition of the appellant's claim for land at that time, the uncertainty as to whether the appellant then had a claim to land such as could be transferred, and, if so, as to the proper manner of its transfer, all of which is illustrated by many cases which have come before this court and have become a part of the public history of the country, of which the courts take notice, there can be no reasonable doubt as to the true construction of that instrument.

On the trial, the appellee, in answer to questions, stated that he knew in 1852 where his land was located, and that he did not know that John Forbes was asserting claim to it. This evidence was objected to, and it is urged that its admission was in violation of the statute which forbids parties, in certain cases, to testify as to statements by, or transactions with, deceased parties. R. S., 2248.

Neither of the matters testified to by the witness violated the rule invoked, for they related simply to the knowledge and want of knowledge of facts, without it being made to appear that such knowledge or want of knowledge in any way depended upon any statement by, or transaction with, John Forbes.

The sixth and eighth assignments of error are based upon the refusal of the court to give certain charges presenting in behalf of the defendants the defense of innocent purchasers without notice. To avail one of such a defense it is ordinarily necessary to show that the person setting it up has purchased from some person having the apparent title without notice that he had parted with the title he once had.

The land in controversy in this case was patented to Tibbles, and whatever right the appellants have must come through John Forbes, and this through the instrument of date December 26, 1836. That instrument, of which the appellants stand in law charged with notice, shows that, at most, John Forbes was only entitled to an

undivided half of such land as Tibbles might be entitled to as a
citizen or colonist, and that he had no power to alienate any more.
That instrument was the sole basis for any claim Forbes, or those
claiming to hold under him, or by a conveyance made by him as
attorney in fact, had.

The conveyance from Forbes, under which the appellants claim,
does not profess to convey any right which he had, but to convey
the estate of Tibbles; the instrument, which the appellants claim
gave the power so to convey, upon its face negatives any such
power, and limits the power of Forbes to such sales as he might
make of the interest intended to be secured to him.

If we give no effect, upon the question of notice to the appel-
lants, to the fact that, under the instrument of date December 26,
1836, John Forbes caused the land to which Tibbles was entitled to
be patented in two separate tracts, each containing an equal number
of acres, one of which was patented to himself and the other to·
Tibbles, thereby so far as he could, partitioning the land between
Tibbles and himself, and look only to the relation of Forbes
·and Tibbles to the common title under the agreement between them,
it will appear that the appellants cannot be considered as innocent
purchasers as against Tibbles.   They had notice of his right and of
the want of power in Forbes to divest it.

The instrument of December 26, 1836, in terms made Forbes and'
Tibbles tenants in common of the land to be acquired through
Tibbles' claim for land, and, as before said, it was notice to all per-
sons claiming through it, of the rights and relationship of each of
the parties in and to the land.

It is well settled that a purchaser from one tenant in common can-
not acquire and hold to the prejudice of a co-tenant any specific por-
tion of the common estate.   Persons so taking must hold subject to·
all equities existing between the co-tenants, to be worked out in the
partition of the land.   That Tibbles was entitled to one-half of the·
land cannot be questioned, and by restricting his claim to the land
patented to himself, after he had brought suit for that as well as.
the tract patented to Forbes, he may be held to have acquiesced in
the partition made of the land by Forbes at the time both tracts
were patented.

All of the persons who were claiming under both patents were
before this court, and if those who claimed under the conveyances
which Forbes made in his own right and as attorney for Tibbles had
sought to have had the entire land covered by the two patents so par-
titioned as to set apart to such one as showed himself entitled to re--

ceive it, the share to which Forbes was entitled under the agreement with Tibbles, that question could have then been disposed of; but no such issue was raised. One defendant claimed title to the land patented to Forbes, and the other defendants set up no claim to any part of the tract patented to Tibbles upon the ground that the conveyance made by Forbes to Starr did not convey land equal in value to one-half of the two tracts, and that therefore there was an interest in the tract patented to Tibbles to which Forbes would have been entitled to give him in value one-half of the land, which would pass by the conveyance made by Forbes as attorney in fact for Tibbles. If such claim had been made, it would then have been necessary, if Tibbles resisted it, to inquire what effect the taking of a patent to himself by Forbes for one-half of the number of acres covered by the claim of Tibbles ought to have upon such a claim after the lapse of about thirty years.

No such question was presented, and the appellants base their claim upon the power of Forbes to convey the interest of Tibbles in the land.

Under the issues made and facts presented the court did not err in refusing to give the instructions asked by the appellant.

The court was asked to instruct the jury, in effect, that Tibbles would be estopped to claim the land if Forbes had openly claimed and sold it in 1851, if Tibbles had taken no active measures to assert title in himself. No adverse possession of the land was shown, it was patented to Tibbles, and we know of no rule of law which requires the owner of land, not adversely occupied, to take any step to set aside an unauthorized conveyance of it, or otherwise to be precluded from asserting his claim. If the appellants had not produced the power under which Forbes acted, much in favor of his power, after the lapse of nearly thirty years, might be presumed; but where the instrument conferring the sole power which it is claimed he had is produced, and contains no such power as is claimed, such presumptions will not be indulged.

The absence of the letters between Fitzgerald and Tibbles was sufficiently accounted for, and the sole purpose of proving their contents was to rebut the proof that Tibbles recognized as valid the conveyance of his land by Forbes, and to show that he asserted claim to it; for that purpose the evidence was admissible, and especially so where the appellants were seeking to bind him by the unauthorized act of Forbes, upon the ground of his silence.

It is urged that a new trial should have been granted upon the ground that the verdict was contrary to the evidence, the second

clause of the charge of the court being considered the law applicable to the facts.

We are of the opinion that the charge given was not called for and was not a proper charge, for there was no evidence to justify it; and had the jury found in favor of the appellants under it, this would have been good ground for a reversal. Such being the case, the verdict being in favor of the appellee, it should not have been set aside.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 6, 1883.]