TEXAS MIDLAND RAILROAD COMPANY V. J. D. BOOTH ET AL.

Decided March 30, 1904.

**1.—Acting from Terror—Actual Danger—Pleading.**

Allegation. of injury received in jumping from wagon in terror at alarm of team by railway train held sufficient to show that there was actual danger though not directly so stating.

**2.—Charge—Assuming Fact.**

Charge held erroneous as assuming the fact that there was real or apparent danger of the injured party being thrown from the wagon in which she was riding at the time she jumped therefrom and received injuries in consequence.

**3.—Negligence—Proximate Cause—Acting on Appearance of Danger.**

Where danger, real or apparent, caused by defendant's negligence is relied on as having caused the act of the injured party which, in the effort to escape such threatened danger, caused the injury, and not merely as excusing contributory negligence, such negligence of defendant can not be considered a proximate cause of the injury unless the circumstances created, in the mind of the injured person, a reasonable apprehension of danger.

**4.—Fright of Team—Contributory Negligence.**

Charge on contributory negligence of driver of team in approaching a railway crossing which, it is held, should have been given.

Appeal from the District Court of Delta.    Tried below before Hon. T. D. Montrose.

*Chas. W. Ogden* and *A. H. Dashiell,* for appellant.

*Hatcher & Stell, L. L. Wood,* and *Bennett & Jones,* for appellees.

STREETMAN, ASSOCIATE JUSTICE.—The appellees recovered judgment against the appellant in the sum of $5500 on account of the death of Mrs. Ella Booth, wife of J. D. Booth, and mother of the other appellees.    The petition in substance alleges that the plaintiffs and Mrs. Booth were traveling together in a two-horse wagon and approached a crossing of appellant's railroad; that the view of the track was obstructed, so that they were unable to see a train until within a short distance of the track; that the appellant failed to give the statutory signals for the crossing, and for said reason the plaintiffs failed to discover the approach of said train until they were within some thirty feet of said track, "at which time said train passed over said crossing, scaring and frightening plaintiff's team and causing them to swerve and jump, which greatly excited and frightened plaintiff's wife, and that, in her efforts to save herself and child from the danger of being thrown from said wagon, she undertook to alight therefrom and fell to the ground out of said wagon, or in her fright and excitement was thrown, by reason of the surging and jerking of said team, from said wagon to the ground, and was thereby seriously and painfully injured internally, was greatly frightened and excited and severely shocked, and as a direct and proximate result of said fall, she being enceinte seven months, suffered a miscarriage on, to wit, the

20th day of August, 1902, which resulted in her death on the 24th day of August of said year. That his wife's said death was the direct and proximate result of the injuries, fright and shock caused by said fall."

Special exceptions were urged against the petition, and particularly that portion which is quoted above, because it fails to allege sufficient facts to show that there was any real or apparent danger or cause for fright. We think that it would have been well to have alleged directly that there was either actual danger or that there was a reasonable appearance of danger; but we are not prepared to say that the allegations in the petition do not necessarily import an allegation of actual danger; and we are also of opinion that the facts alleged would be sufficient, if shown by the evidence and found by the jury, to show that there was actual danger.

The court submitted issues to the jury in the case as follows:

"Therefore, if you believe from the evidence that the plaintiffs are the surviving husband and surviving children of Ella Booth, deceased, and that on or about the 17th day of August, 1902, the plaintiff J. D. Booth, together with the said Ella Booth, deceased, and their children, were traveling along the public road in Delta County, Texas, as set forth in plaintiff's petition, in a two-horse wagon, and coming towards the town of Cooper, and that said public road was crossed by defendant's railroad; and if you further find that the said plaintiff J. D. Booth, as he approached said crossing, coming towards the said town of Cooper, exercised ordinary care to discover the approach of trains at said time toward said crossing, and while in the exercise of said care continued to approach said crossing, and if you further believe from the evidence that when he had reached a point in about twenty yards of said crossing he discovered a train approaching at a rapid rate of speed, and before the plaintiff J. D. Booth could check his team hitched to said wagon, he was within about thirty feet of the track of said railroad, *and at such time said train passed over said crossing, scaring and frightening plaintiff's team, which caused them to surge and jump, which greatly frightened and excited plaintiff's wife, the said Ella Booth, if she was greatly frightened and excited, and that in her efforts to save herself and child from the danger of being thrown from said wagon,* undertook to alight therefrom, if she did so undertake, and in so doing fell to the ground out of said wagon, if she did so fall; or if you believe from the evidence in her fright or excitement she was thrown from said wagon to the ground, by reason of the surging and jerking of said team and thereby was greatly frightened, excited and severely shocked, and if you believe from the evidence that she was enceinte as alleged by plaintiff, and that as a direct and proximate result of said fall, if she did fall, she suffered a miscarriage which resulted in her death, as alleged by plaintiffs, and her death was the

direct and proximate result of the fright and shock caused by said fall; and if you further believe from the evidence, agents and employes of the defendant company knew or by the use of ordinary care could have known the surroundings of said crossing, and of obstructions, if there were obstructions, cutting off the view to persons traveling along said public road of defendant's trains, as alleged by plaintiffs, and if you further believe from evidence that the agents, servants and employes in charge of said train failed to blow the whistle and ring the bell on its locomotive engine at a distance of at least eighty rods from the place where defendant's railroad crosses said public road, and failed to keep said bell ringing until said engine had crossed said public road or stopped, and if you further believe from the evidence that if said bell had been rung and said whistle blown before reaching said public crossing, that plaintiff could and would have heard the same, and could and would have had warning of the approach of said train before driving so near the track of said railroad, and by reason of the notice given him by said ringing of the bell and blowing the whistle, would have avoided the scare and fright to his team drawing said wagon and the consequent shock and fright to his said wife and her death, and if you further believe from the evidence that at said time when said team became frightened that plaintiff J. D. Booth, and his said wife Ella Booth, were exercising that degree of care for their own safety that a person of ordinary prudence would exercise under the same or similar circumstances, then you will find for the plaintff, unless you find for the defendant under the instructions hereinafter given you.

"But if you believe from the evidence that as the law requires said whistle was blown and said bell rung at the time complained of by plaintiff, or if the said J. D. Booth knew, or by the use of ordinary care could have known of the approach of said train in time to have stopped his team, so as to have averted the accident, if there was an accident, as complained of by plaintiffs at said time, or that the death of said plaintiff's wife was caused by premature childbirth, and that the same was not caused by the fright and shock received at the time she fell from the wagon, if she did fall, caused by the negligence of defendant, its agents, servants or employes, if they were negligent, or if you find that the premature confinement of plaintiff's wife was not caused by defendant's negligence, but was caused by undertaking a long journey in a wagon over a rough road, or was caused by negligently approaching a railroad crossing without looking or listening for approaching trains, or if you believe that plaintiff's wife in getting out of said wagon not not in the exercise of ordinary care and there was no real or apparent danger which would cause her to have done so under the circumstances, *or if you believe from the evidence there was no·*

*real or apparent cause for her fright, if she was frightened, and was due to her delicate condition and not to any negligence of defendant, its agents, servants or employes,* or if you believe from the evidence that the death of plaintiff's wife was the result of any other cause and not the result of the fright and shock she received at the time she fell from said wagon which caused the premature birth of her child and her consequent death by the negligence of defendant, its agents, servants or employes, if they were negligent, then you will find for the defendant."

By proper assignments and propositions complaint is made of that portion of the court's charge reading as follows: "And that in her efforts to save herself and her child from the danger of being thrown from said wagon, undertook to alight therefrom," because it assumes as a fact that Mrs. Booth was in danger of being thrown from the wagon.

This assignment is, in our opinion, well taken. The first paragraph of the charge above quoted fails to submit to the jury whether there was actual or reasonably apparent danger, and authorizes the jury to find for the plaintiff without passing upon that issue; and the paragraph quoted is open to the objection that it assumes the existence of such danger.

It is contended by appellees that the following paragraph of the charge corrects this error. The jury were instructed in said second paragraph: "If you believe that plaintiff's wife in getting out of said wagon was not in the exercise of ordinary care, and there was no real or apparent danger which would cause her to have done so, under the circumstances, or if you believe from the evidence there was no real or apparent cause for her fright, if she was frightened, and was due to her delicate condition, and not to any negligence of defendants, its agents, servants or employes, then you will find for the defendant."

We do not think that the paragraph quoted corrects the error in the first paragraph of the charge. In the first place, it will be observed that in this case the issue with reference to real or apparent danger does not arise out of the issue of contributory negligence, as it does in most cases, but is made the basis for the plaintiff's cause of action. In such case it may be doubted whether the issue of apparent danger ought to be submitted to the jury, unless it is supported by allegations in the pleadings of the plaintiff. We have stated before that the allegations of the plaintiffs' petition were perhaps sufficient to show the existence of danger; but it may be doubted whether they are sufficient to present any other issue, except that of real, as distinguished from apparent danger.

In the second place, we do not think that the charge of the court above quoted is an accurate statement of the law with reference to the

question of apparent danger. We understand, of course, that the rule in such cases is not what an ordinarily prudent person would do under the same circumstances. At the same time, we are of opinion that it is not every appearance of danger, however slight, which will relieve the injured party from the exercise of ordinary care. In our opinion, the rule is that there must be either a real danger or that the circumstances as they appear to the party at the time must be such as to create in the mind of such person a reasonable apprehension of danger. Otherwise the fright and consequent injuries could hardly be held to have been such a reasonable consequence of the negligence of defendant as to constitute such negligent act the proximate cause of the injury.

In the third place, it will be observed that the paragraph of the court's charge which is relied upon by appellees as correcting the erroneous instruction requires the jury, before they can find for defendant, not only to find that there was no real or apparent cause for the fright of plaintiff's wife, but that such fright was due to her delicate condition, and not to any negligence of defendants, its agents, servants or employes. We do not mean to state that the defendant would not have been entitled to a verdict upon proof of the facts stated, but we believe, as we have indicated, that it was not necessary to have proven all of these facts in order to entitle the defendant to a verdict.

For the reasons stated, we think that the error in the first paragraph was not eliminated by the clauses quoted from the second portion of the charge. International & G. N. R. R. Co. v. Neff, 87 Texas, 303; Gulf C. & S. F. Ry. Co. v. Roane, 1 Texas Law Journal, 118.

The eighteenth assignment of error complains of the refusal of the following special charge requested by appellant:

"You are instructed that the care which is required of persons driving near or approaching a railroad crossing is such care as an ordinarily prudent person would use under the circumstances, and if, therefore, you believe from the evidence that the plaintiff knew that his view of the defendant's track was obstructed by houses, trees and the lay of the ground, and that he further knew, or by the use of ordinary care might have known, that the team which he was driving would or might become frightened at the appearance or ordinary noise made by a railroad train, and if you further believe from the evidence that he knew, or by the use of ordinary care might have known, that the frightening of his team or near approaching with said team to a railroad crossing would result in the injury or fright to his wife in her condition, and if you further believe from the evidence that the plaintiff did not use that degree of care which an ordinarily prudent person would have used under like circumstances, and if you further believe from the evidence that the plaintiff's failure to do so caused or contributed to the accident, then you will find for the defendant."

It may be that the refusal of this charge would not constitute re-

versible error, but it presents a combination of facts relied upon by appellant as constituting contributory negligence, and we believe it would be proper for the court to give this charge upon another trial.

We do not pass upon those assignments which relate to the sufficiency of the evidence to sustain the verdict, as the evidence may not be the same upon another trial' of the case.

We have considered all the remaining assignments of error, and find no errors except those herein pointed out.

Because of the errors mentioned in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*