## Galveston, Harrisburg & San Antonio Railway Company v. Juan Garcia.

### Decided February 6, 1907.

**1.—Personal Injuries—Derailment—Pleading.**

In a suit for personal injuries received in a derailment an allegation that plaintiff was a passenger on the train and that the train was derailed, was a sufficient allegation of negligence on the part of defendant. In such case a plaintiff is not required to allege or prove the cause of the derailment. The law presumes negligence.

**2.—Same—Amount of Verdict.**

Where the plaintiff was 45 years of age, earning $50 per month at the time of his injury, had three ribs broken, lost greatly in flesh, had a cough, suffered from rapid heart and was incapacitated to do ordinary labor, a verdict for $3,000 did not evidence passion or prejudice on the part of the jury.

**3.—Mental Suffering.**

Mental suffering may be inferred from physical injuries.

Appeal from the Fifty-fourth District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Teagarden,* for appellant.—The court erred in overruling the defendant's first special exception to plaintiff's second amended original petition. Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 157; Gulf, C. & S. F. Ry. Co. v. Anson, 11 Texas Ct. Rep., 97.

The court erred in the second paragraph of the general charge, which is a charge on the measure of damages wherein the jury were authorized to take into consideration any mental pain suffered by plaintiff in estimating his damages; whereas there was no testimony whatever, either direct or circumstantial, to show that he had suffered any mental

pain, and this feature of the charge was, therefore, without facts to support it. International & G. N. Ry. v. Gonzales, 14 Texas Ct. Rep., 823; Brown v. Sullivan, 71 Texas, 476; Texas & P. Ry. v. Scruggs, 23 Texas Civ. App., 713.

*T. M. West,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued to recover damages arising from personal injuries alleged to have been inflicted on him through the negligence of appellant. Appellant answered by general demurrer, special exceptions and general denial. A trial by jury resulted in a verdict and judgment for appellee for the sum of $3,000.

Appellee was a passenger on a train on appellant's railway, and the car in which he was riding was derailed and he was permanently injured and damaged in the sum found by the jury. We find that the derailment occurred through the negligence of appellant.

Through the first assignment of error appellant assails the sufficiency of the petition to state a cause of action. That part of the petition alleging negligence is as follows: "For cause of action the plaintiff would show that theretofore, to wit: on or about the 22d day of February, 1905, plaintiff was a passenger on one of defendant's passenger trains, and that at or near a place called Sandy Fork, on the line of defendant's railway, the aforesaid passenger train was derailed and overturned, whereby, and in consequence thereof, plaintiff was then and there seriously and permanently injured. Plaintiff says that the aforesaid derailment and overturning of said train, and the consequent injury to himself, was directly due to the negligence of the defendant, its servants, agents and employes." The grounds of objection to the pleading are, that appellant "was not put upon notice whether it would be called upon to answer for negligence in the construction and maintenance of its track, negligence in the employment of its servants, and operation of its train, or negligence in the use of defective machinery."

The allegation that the train was derailed and that appellee was a passenger on it, was an allegation of negligence upon the part of appellant. A passenger can rarely know the cause of a derailment, but from the very nature of the case the facts surrounding the derailment must be within the knowledge of the railway company, if within that of any one, and appellee was not required to allege matters of which he had no knowledge and which he was not required to prove in order to make out a *prima facie* case. This question is too well settled in Texas to require discussion. Gulf, C. & S. F. Ry. v. Smith, 74 Texas, 276; Gulf, C. & S. F. v. Wilson, 79 Texas, 371; Mexican Cent. Ry. v. Lauricella, 87 Texas, 277; San Antonio St. Ry. v. Muth, 7 Texas Civ. App., 443; Railway v. Brown, 16 Texas Civ. App., 93.

The case of Missouri Pac. Ry. v. Hennessey, 75 Texas, 157, cited by appellant, does not sustain its contention. In discussing the question now being considered the Supreme Court in Gulf, C. & S. F. Ry. v. Wilson, 79 Texas, 371, said: "There are some expressions in the opinion in Missouri Pac. Ry. v. Hennessey, 75 Texas, 155, which may seem to lead to a contrary conclusion, but an examination of the case will show that the question in it was whether the plaintiff should have

been permitted to prove an act of negligence not alleged, when he had alleged that the accident resulted from the specific acts of negligence." That is a different question from that presented in this case.

There is no merit in the second assignment of error. Both of the doctors who testified in the cause swore that the injuries received by appellee were serious and permanent. Three ribs were broken, appellee had lost greatly in flesh, had a cough, suffers from a rapid heart and can not do the ordinary labor of a working man. He was forty-five years old and was earning fifty dollars a month. A verdict for $3,000 does not evidence passion or prejudice on the part of the jury.

It follows from the facts hereinbefore stated that the court did not err to appellant's prejudice in submitting the question of appellee's permanent injury to the jury. The only two witnesses interrogated on that point, swore that they were permanent. Neither did the court err in submitting the issue as to mental suffering. The injuries are of such a nature that mental pain can be inferred from them. Brown v. Sullivan, 71 Texas, 470; Galveston, H. & S. A. Ry. v. Rubio (Texas Civ. App.), 65 S. W. Rep., 1126; St. Louis S. W. Ry. v. Dixon (Texas Civ. App.), 91 S. W. Rep., 626.

There is no merit in the fifth assignment of error. Appellee proved a derailment of the train, and his injury thereby and that he was a passenger, and that proof was not controverted by appellant, and no explanation or excuse was offered for the derailment. In such cases the law presumes negligence upon the part of the carrier. Galveston, H. & S. A. Ry. v. Fales (Texas Civ. App.), 77 S. W. Rep., 234; Galveston, H. & S. A. Ry. v. Green (Texas Civ. App.), 91 S. W. Rep., 380. The judgment is affirmed.

*Affirmed.*

Writ of error refused.