### HINES, Director General of Railroads, et al. v. POPINO. (No. 9614.)

(Court of Civil Appeals of Texas. Fort Worth. June 18, 1921. Rehearing Withdrawn Oct. 15, 1921.)

1. Trial ⬤352(1)—Special issue held on weight of the evidence.

In action for injuries to passenger, sustained in derailment alleged to have been caused by defective track and switch at place of derailment, submission of special issue as to whether railroad was negligent "in permitting the track or switch to be in the condition you may find from the evidence that they were in at the time of the wreck" held on weight of the evidence as assuming that track or switch was defective.

2. Trial ⬤142—Existence of facts must be left for the jury.

The existence or nonexistence of the facts, the evidence tends to prove, as well as a fact to be implied from other facts, must be left to the determination of the jury.

3. Trial ⬤244(5)—Instruction should not convey impression that law or court attaches certain weight to particular testimony.

An instruction should not convey to the minds of the jury an impression that the law or the judge attaches certain weight to particular testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to certain species of evidence.

4. Appeal and error ⬤1062(1)—Submission of special issue assuming fact held not rendered harmless by jury's answer to other special issue.

In action for injuries to passenger sustained in derailment, alleged to have been caused by defective condition of track and switch at time and place of derailment, the fact that jury, in answering special issue, found that switch had not been tampered with by persons other than the railroad employés, did not render erroneous special issue, assuming track to be in defective condition at time of derailment, harmless, since in reaching conclusion on first special issue the jury may have been influenced by the erroneous special issue.

Buck, J., dissenting.

Appeal from District Court, Tarrant County.

Action by Albert Popino against Walker D. Hines, Director General of Railroads, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner and F. B. Walker, all of Fort Worth, for appellants.

McLean, Scott & McLean, of Fort Worth, for appellee.

BUCK, J. Albert Popino sued Walker D. Hines, Director General of Railroads, for injuries occurring on the Texas & Pacific Railroad, by reason of a wreck of one of the railroad company's cars in the suburbs of Ranger, on June 12, 1919. The plaintiff had boarded the train at Cisco, and it is admitted was a passenger. He was going to Thurber, and as the train left Ranger and was about a half mile from the depot, while passing over a switch, the coach in which plaintiff was riding left the main track and ran into a lumber car on a side track, wrecking the coach and causing plaintiff the injuries for which he sues. Plaintiff alleged:

"That the derailment, and the splitting of said switch and the wrecking of said car and coach were caused by the negligence of defendant, his servants, agents, and employés, by then and there running said train onto and over said switch at a rapid rate of speed, and in then and there allowing and permitting said tracks, switch, and side tracks at said point to be and remain in a defective condition, and in negligently permitting the switch at the place of the accident to be and remain in a bad condition and defective in construction. And plaintiff further alleges and says that, in addition to all of the aforesaid defects and causes contributing to the wrecking of said coach and car, the defendant, his servants, agents, and employés, negligently and carelessly allowed said switch to remain in such condition at said time of the passing of said train and coach and car so as to allow the said coach and car to enter the said switch and side track with force and momentum, resulting in the wrecking and damaging of said coach and car in the manner aforesaid. Plaintiff shows to the court that he is unable to give the precise status of said defects, for in that the same were and are to him unknown, but that such conditions and defects were known to defendant, his servants, agents, and employés, or could have been known to him and them by exercise of ordinary care."

The defendant Walker D. Hines, as Agent designated by the President under the act c. 91 (41 Stat. 456) ending federal control of railroads, answered by general demurrer, various special exceptions, and a general denial. He specially denied that at the time of the derailment and accident in question the train on which plaintiff was riding was being run at a negligent rate of speed, or that the switch, tracks, and side tracks mentioned were defective, and specially pleaded that he and his codefendants, the Texas & Pacific Railroad Company and the receivers thereof, were not negligent in any of the respects alleged by plaintiff, and that he and each of his codefendants exercised the degree of care required under the law.

The evidence as to the cause of the accident rests largely on the testimony of H. H. Bailey, engineer. He testified that he was the engineer in charge of the passenger train in question, and had 12 coaches in the train, and was running about 16 or 18 miles an hour; that he had a slow order between this switch and the one next to it, and was obeying that order; that after the accident happened he went back and looked over the situation, to see if he could find out what caused the wreck. He further testified:

"The sixth car from the engine was the car that went off first. The switch must have been cocked, the lever pulled out of the receiver, and the jar of the train running over the switch, the engine and the five coaches, naturally jarred the switch open, and it just took this sixth car down the side track, and it hit some cars on the side track. In other words, five coaches and the engine had passed over the switch, and when the sixth car came along for some reason it rode the switch and went down the side track into the cars. I think the rear trucks of the fifth car were off the track. The condition of the track was good along there where the wreck occurred. That night when I went to see if I could find out what caused the wreck, I found a lock lying there on the ground, which I supposed was the lock that was on the switch, supposed to have been on the switch, and it was battered up, and looked as if someone had taken a hammer or piece of iron and battered it, so it would spring open. I picked it up and looked at it, and threw it back on the ground; it was battered up. * * * When I was approaching this switch on the engine the lights were green, which indicated that the switch was supposed to be in position. If a red light had showed up, that would have indicated that the switch was thrown for the side track. When I went back to examine the switch the light was turned halfway around maybe; if it had been clear over, it would have thrown red all the time."

The defendant specially pleaded that—

The derailment in question "was caused solely, directly, and proximately as result of some party unknown to this defendant, and for whose acts and conduct this defendant is not responsible, by said party tampering with the switch in question; that is, that some party or parties whose names are unknown to this defendant, and for whose acts this defendant is not liable, in some manner or way broke the lock on the switch in question, and either threw the switch, causing the derailment in question, or else fixed said switch after breaking the lock, or tampering with the lock, that is, fixed said lock and said switch and the mechanism thereof in such a manner and way as to permit and cause the collision in question when the moving train reached the switch in question, and the defendant says that he is not liable therefor, and is not responsible for said acts

and conduct of said party or parties, and that he and his codefendants and each of them did not know, and in the exercise of that degree of care required by law would not have known, and could not have known of the tampering and breaking of the switch lock and mechanism thereof in time to have prevented the accident and collision in question, and defendant says that he and his codefendant exercised the proper degree of care required of them under the law to guard against the tamperings with the switch in question, and the defendant says that by reason thereof he is not liable herein."

From a verdict and judgment for the plaintiff in the sum of $12,500, the defendants have appealed.

The court submitted the case on special issues, properly defining ordinary care, negligence, and proximate cause. In answer to these issues, the jury found that defendant was guilty of negligence, which was the sole and proximate cause of plaintiff's injuries; that the injuries were not caused by a mere accident, and that the injuries were not caused as the sole, direct, and proximate result of the speed at which the train was moving at the time of the derailment, nor was said derailment caused by some one tampering with the switch, and that plaintiff was entitled to $12,500 as damages.

A number of assignments are directed to the submission of the following special issues:

"Was the defendant Walker D. Hines, Agent designated by the President, guilty of negligence, as that term has been heretofore defined, in permitting the track or switch to be in the condition you may find from the evidence that they were in at the time of the wreck in question? Answer Yes or No."

[1] It is urged that the form in which this question is asked indicates a belief on the part of the court that there was something wrong with the track or switch at the time the coach on which plaintiff was riding split the switch and went onto the side track, and the giving of it in this form constituted a charge on the weight of the evidence as to this controverted issue. Defendant pleaded a general denial, which put in issue every allegation of plaintiff's petition which was not specially admitted. The majority conclude that these assignments must be sustained. The defendant's witness Bailey testified that the track at the place of the accident was in good condition, but did not so testify as to the condition of the switch. In Schuette v. Bishop, 153 S. W. 377, the Amarillo Court of Civil Appeals held that a charge which assumed the existence of a controverted fact was reversible error, and that rule 62a (149 S. W. x) did not apply.

[2, 3] In all cases the existence or nonexistence of the facts the evidence tends to prove, as well as the existence of the fact to be implied from other facts, must be left to the determination of the jury. An instruction should not convey to the minds of the jury an impression that the law of the judge attaches certain weight to particular testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963. See, also, M. K. & T. Ry. Co. v. Wolf, 40 Tex. Civ. App. 381, 89 S. W. 778; Orange Lumber Co. v. Thompson, 113 S. W. 563; Strawn Coal Co. v. Trojan, 195 S. W. 256; T. & P. Coal Co. v. Sherbley, 212 S. W. 758; Texas Midland Ry. Co. v. Booth, 35 Tex. Civ. App. 322, 80 S. W. 121.

The appellee argues that the switch was a part of the track, and that, since the defendant pleaded specially that the derailment in question was caused solely, directly, and proximately as the result of some party unknown to the defendant tampering with the switch in question and breaking the lock on it, and either throwing the switch or fixing the lock and the switch in such a manner as to cause the collision in question, and inasmuch as defendant's own witness, Bailey, testified to facts which tended to show that the switch was not in good condition at the time of the derailment, the trial court was authorized to assume that the switch was defective at the time of the accident. He cites the case of Railway Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103. In that case the court held that a certain charge given upon the issue of negligence, improperly shifted the burden of proof and placed it upon the company, but further held that the error was not reversible, and stated the rule in the following words:

"Where an accident happens upon a railway from which a passenger sustains an injury by the breaking down of the carriage or by the running off of the train, or by the spreading or the breaking of the rails, the very nature of the occurrence will be prima facie evidence of negligence in the company or its servants. Hutch. on Carr. § 800. The rule thus stated by the eminent author cited is very generally recognized. * * * The rule is also recognized in Railway v. Smith, 74 Texas, 278, although the decision in that case cannot be deemed an authoritative ruling upon the point. It is a reasonable and sound doctrine that, when a passenger is injured by an accident, such as the derailment of a train at a place where the track and train are entirely under the control of the company—that is to say, where they are not interfered with by any extraneous force—a presumption of negligence arises, and that, in order for the company to exonerate itself from liability for the injury, it must adduce evidence to show that the accident could not have been avoided by the exercise of the utmost care and foresight reasonably compatible with a prosecution of its business."

See, also, Railway Co. v. Lindsey, 51 Tex. Civ. App. 67, 110 S. W. 996; Railway Co. v.

Green, 91 S. W. 380, writ of error denied; Railway Co. v. Garcia, 45 Tex. Civ. App. 229, 100 S. W. 198, writ of error denied; Railway Co. v. Miller, 191 S. W. 374. In Railway Co. v. Stivers, 211 S. W. 319, the El Paso Court of Civil Appeals, through Justice Walthall, says:

"We think the cases referred to, and many others examined, but to which, for brevity, we make no reference, clearly establish the rule that where the thing, in this instance the road-bed, equipment, the train, and its management, is shown to be under the management of the defendant company, or its servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. McCray v. G., H. & S. A. Ry. Co., 89 Tex. 168, 34 S. W. 95."

In M., K. & T. Ry. Co. v. Cassady, 175 S. W. 796, it is held that a railroad company owes the duty to its employés to inspect its roads and bridges so as to make them reasonably safe, and that, where a wreck occurred upon the defendant's trestle, and where no witness was able to definitely state the reason or occasion for the wreck, but that it was established by the proof that one of the cars left the track, such derailment was due to negligence of the defendant, and that the doctrine of res ipsa loquitur applies.

The writer is inclined to the belief that no reversible error is shown in the submission of the issue under discussion, even though it may be admitted that it assumes that there was some defect in the switch or track. It appears that the defendant in his answer not only admitted the accident and derailment pleaded in plaintiff's petition, but alleged that said derailment was caused by the defective condition of the switch. It is true that he alleged that such defective condition was caused by the acts of some party other than his servants, but as to the defect in the switch the defendant admitted it. We do not think the force of this admission is in any way impaired by the general denial contained in the answer. A general denial only denies a fact upon which plaintiff relies for his action which is not specially admitted by the defendant's answer. It is true a pleader may, in separate counts, plead inconsistent pleas or defenses, and his admission in one count will not preclude him from denying the admitted fact in another, but we do not understand the defendant's answer in the instant case to present such a case. Apparently he did not plead the acts of the unknown person, in tampering with the switch and the lock thereof, in a separate count, but this defense was pleaded in the same count as his general denial, and the writer believes that the trial court was authorized to assume both from plaintiff's pleadings and

his evidence, that the defective condition of the switch was admitted. Hence, in the opinion of the writer, the issue as submitted was not upon the weight of the evidence as to any controverted fact. However, the majority have concluded that the objections to the charge must be sustained.

[4] It is the view of the majority that in the pleadings, evidence, and charge the terms "track" and "switch" are treated separately and not interchangeably, and that the term "permit" implies a conscious assent to the conditions found. So considering these terms, the majority is of the opinion that the charge under consideration is on the weight of the evidence, in that by implication it assumes that the track was out of order when there is no evidence that it was so, and when the evidence conclusively shows that the accident was not caused by reason of any defect in the track, and also assumes that the defendant permitted the track or switch to be in the condition shown by the evidence when there is no evidence of when the switch became tampered with or out of order, or that defendant had any prior knowledge that it was out of order. The fact that in answer to another issue the jury found that the switch had not been tampered with by persons other than defendant's employés did not render the error in the charge harmless, since in reaching that conclusion the jury may have been influenced by the intimation in the charge that the accident resulted from some defect in the track or switch.

For the reasons given by the majority, the judgment below is accordingly reversed, and the cause remanded.

BUCK, J., dissenting.

