### THE GULF, COLORADO AND SANTA FE RAILWAY COMPANY V. JOHN W. SMITH.

#### No. 6358.

1. **Pleading—Negligence.**—It is not incumbent on the plaintiff who sues for damages caused by alleged negligence after proving an accident which implies negligence to go further and to show what the particular negligence was when from the circumstances it is not in his power to do so.

2. **Same.**—The derailment of a passenger car of a railway company is evidence of negligence in the company in the absence of any explanation showing that the accident happened without fault of the railway company.

3. **Pleading—Evidence.**—In a suit for damages against a railway company the plaintiff averred in effect that while he was a passenger on the company's car, which was under the exclusive control of the company, it was derailed through the negligence of the company and of its employes, and that an injury specified in the petition resulted therefrom to plaintiff. *Held*, that evidence showing that the derailment was caused by the spreading of the track which resulted from the want of proper support by the ties was admissible.

4. **Experts—Opinion of Witness.**—When a cause is tried without a jury the opinion of a witness not shown to have been an expert, as to the existence of a fact, even if improperly admitted, is not such error as will authorize a reversal when the court trying the case found the existence of the fact, there being other evidence tending to support it.

APPEAL from Lampasas. Tried below before Hon. W. A. Blackburn.

The appellee sued to recover damages for physical injuries resulting to him from the derailment of a railway passenger car. The car was turned over and he alleged that he was "thereby thrown with great force against the seats and sides of the car and was thereby greatly injured, cut, bruised, and wounded internally and externally about the head, hip, spine, and back, so that he was thereby wholly unable to attend to the transaction and performance of his necessary business for about a month; * * * that he has since suffered greatly," etc., which has hindered and delayed him in the performance of necessary duties and business; that the inju-

ries were caused by the gross negligence of the defendant company, its agents, servants, and employes, without any fault or negligence of plaintiff.

A jury waived, and judgment for the plaintiff for $2500.

*Matthews & Wood,* for appellant. — 1. There being in the plaintiff's petition no allegation of any particular act of negligence on the part of defendant, its agents, or employes, the court erred in overruling defendant's first and second special exceptions to plaintiff's original petition. Railway v. Halloren, 53 Texas, 51, 52; Railway v. Chester, 57 Ind., 297; Railway v. Mowery, 36 Ohio St., 418; Addison v. Railway, 48 Mich., 155; 2 Estee's Plead., sec. 2010; Curtis v. Railway, 18 N. Y., 534; Transportation Co. v. Downer, 11 Wall., 133; Railway v. Allbriton, 38 Miss., 274; 2 Thomp. on Neg., p. 1228, note; Hutch. on Carr., secs. 798, 800.

2. There being in plaintiff's petition no specific allegation of negligent acts, either of omission or commission, evidence offered by plaintiff to show that defendant had negligently failed to keep its road, cars, and appliances in repair was inadmissible.

3. The court erred in its conclusions of fact in that they were not sufficiently full, there being therein no finding upon the question of whether the ills complained of were the result of disease aggravated by want of proper care on the part of plaintiff, this being one of the issues raised by the pleadings and evidence.

4. The judgment of the court is contrary to and not supported by the evidence in this: * * * The damages awarded to the plaintiff are excessive, the evidence showing that the plaintiff's injuries are not of a permanent nature, and it not being reasonably certain from the evidence that permanent disability would result from the injury. Hutch. on Carr., sec. 806; White v. Milwaukee City Ry., 24 Am. Law Reg., 531.

*Walter Acker,* for appellee.—The court did not err in overruling the special exception to the petition. Railway Co. v. Brinker, 68 Texas, 500; Feital v. Railway Co., 109 Mass., 398; Hutch. on Carr., secs. 800, 801.

STAYTON, CHIEF JUSTICE.—After alleging a contract under which appellee became a passenger on one of appellant's trains, the petition contained the following averments:

"And while plaintiff was so lawfully in defendant company's said car as a passenger therein, through the gross negligence and carelessness and default of said company, its agents, servants, and employes, said car was run off the track and thrown from the road bed of said railroad and turned over from the embankment thereof, and plaintiff was thereby thrown with great force and violence against the seats and sides of said car, and was thereby greatly injured, cut, bruised, etc. And plaintiff avers that his said injuries were caused and occasioned by the gross neg-

ligence, carelessness, and default of the defendant company, its agents, servants, and employes."

There was no more specific averment of fact relied on to show negligence, and the petition was excepted to because it did not allege more particu-larly acts of negligence.

The exception was overruled and that ruling is assigned as error.

The averments of fact are that appellee was a passenger, that the car was derailed, overturned, and that injury therefrom resulted in manner and to extent stated.

These things are alleged to have occurred while the train and road were under the exclusive control of appellant's servants, and through the negligence of itself or employes.

The pleadings are not required to be broader or more specific than the evidence is required to be to establish a given fact necessary to a recovery, and in this class of cases it would be frequently difficult, if not impossible, for a passenger injured through a derailment to specify with particularity the facts which were the immediate cause of the accident.

As said by one of England's most distinguished judges, "when the breaking down or overturning of a coach is proved, negligence on the part of the owner is (may be) implied; he has always the means to rebut this presumption if it be unfounded, and it is never incumbent on the defendant to make out that the damage in this case arose from what the law considers *a mere accident*." Christie v. Griggs, 2 Campb., 79.

"The fact that the car runs off is evidence of defect or negligence some-where, and when the track and the cars are under the exclusive control of the defendants it has been held evidence of negligence sufficient to charge them, in the absence of any explanation showing that the acci-dent happened without fault on their part. Le Barron v. East Boston Ferry Co., 11 Allen, 312; Cooper v. London & Brighton Ry. Co., 5 Q. B., 747. It is not incumbent on the plaintiff after proving an accident which implies negligence to go further and show what the particular neg-ligence was when from the circumstances it is not in his power to do so." Feital v. Railway Co., 109 Mass., 405.

This rule seems well established by authority, and is grounded on reas-ons which commend its application in the ordinary transactions of life. Addison v. Gay, 11 Pick., 106; Carmanty v. Railway Co., 5 La. Ann., 704; Grinde v. Railway Co., 42 Ia., 376; Railway Co. v. Mathias, 50 Ind., 68; Railway Co. v. Selby, 47 Ind., 479; Thomp. on Carr. of Pass., 547; Railway Co. v. Brinker, 68 Texas, 502.

The evidence of two witnesses tending to show that the derailment re-sulted from the spreading of the track, caused by the want of support from ties, some having been burned, was objected to on the ground that there was no pleading under which the evidence could be introduced, but,

as we have already held, the pleading was sufficient to authorize the introduction of evidence of this character.

This cause was tried without a jury, and over the objection of appellant a witness not shown to be an expert was permitted to state his belief that the accident was caused by the burning of the ends of cross ties, which left the rail without support. In the same connection the witness stated that he examined the track and must be understood to have said that he saw where ties had been burned and the rail left without support. There was other evidence to the same effect, as well as evidence tending to show that the car ran some distance after derailment before it was overturned, and that the air brake was so out of order that it could not be used. The court found "that the accident was caused by the spreading of the rails or track, which was caused by burnt ties, and further that there was no air brake that could be used."

If it was improper for the witness in connection with his other statement to give his opinion as to the cause of the derailment, we are of the opinion, in view of the fact that the cause was tried by the court and in view of the express finding, that no injury resulted from the admission of the evidence.

Appellant alleged that the injuries to appellee were aggravated by his own failure to use proper care, and that the court erred in not making a finding on that issue. No request was made for such a finding, but had there been we do not see that there was any evidence from which the court could have found that appellee in any respect had failed to use such care as a prudent man would under the circumstances.

It is urged that the findings are not supported by the evidence and that the judgment is excessive. There was ample evidence to sustain the findings, and appellant brought no witness whose duty it was to keep the track in order or to see that it was kept in order to prove that the ties were not burned as stated by the witness introduced by appellee, but contented itself with evidence less direct to show that the track was in good order.

Several physicians testified in the case as to the character of the injuries received by appellee and there is some conflict in their evidence, but there was evidence which authorized a finding that appellee was seriously injured, and we can not say that a judgment for twenty-five hundred dollars is excessive.

The judgment will be affirmed.

*Affirmed.*

Delivered June 11, 1889.