St. Louis Southwestern Railway Company of Texas v.
S. R. Parks.

No. 1249.  Decided November 16, 1903.

**1.—Injury to Passenger—Burden of Proof—Charge.**

Where a passenger is shown to have been injured through some failure of the carrier's means of transportation, a rebuttable inference of negligence on the carrier's part arises; but, where the latter, in turn, has introduced evidence of due care, the question is one of weight of evidence, not of burden of proof, and a charge shifting the burden of exonerating himself from such inference upon defendant is erroneous.  (P. 134.)

**2.—Same—Case Stated.**

A railway passenger having shown injury to his eyes by cinders from the engine, "from the size of a pea to that of a bird shot," the defendant introduced evidence that its engine was equipped with the most approved spark-arrester, in good order, and properly handled.  Held, that it was error to charge, that, if sparks escaping from the engine injured plaintiffs eyes, this constituted a prima facie case of negligence on the part of defendant and, "in the absence of rebutting evidence sufficient to overcome such prima facie case," rendered defendant liable.  (Pp. 133-135.)

**3.—Carrier of Passengers—Degree of Care.**

In a case of injury to a passenger by sparks escaping from the engine, it is not true that defendant need only use ordinary care to provide a safe spark arrester, as is the rule in case of injury to property along the road.  (P. 136.)

**4.—Same.**

The carrier was bound to use a high degree of care for the protection of passengers in selecting appliances for preventing escape of sparks from its engines.  It was not proper to charge that it was excused by selecting "one of the best approved appliances," though if it used due care in the selection it was not liable for failure to select the best.  (P. 136.)

**5.—Same—Case Limited.**

The refusal of writ of error in Texarkana & Ft. S. Railway Co. v. O'Kelleher, 21 Texas Civ. App., 96, explained as not involving a ruling on the correctness of the charges given therein.  San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277, criticised, but result approved.  (Pp. 134, 136.)

Error to the Court of Civil Appeals for the First District, in an appeal from Hunt County.

Parks sued the railway company and had judgment.  It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*E. B. Perkins* and *D. Upthegrove,* for plaintiff in error.  (*Perkins & Craddock* were also on brief in appellate court.)—A charge of the court is upon the weight of evidence which instructs the jury that the defendant is guilty of negligence from the mere fact that it permitted sparks or cinders to escape from its locomotive, when it had been plead as a defense by the defendant and the uncontradicted evidence shows that it was impossible to so construct and equip a locomotive as to absolutely prevent the escape of sparks and cinders therefrom.

It is the duty of a railway company to exercise ordinary care in selecting the kind of spark-arrester or netting to prevent the escape of sparks or cinders from its engines, and if it has exercised such care in making such selections it is not liable for an error in judgment where experienced and expert machinists and railway operators differ as to

which is the best spark-arrester or netting for such purposes; if it has selected one approved by a large class of such machinists and operators as the best, it is the duty of the court to so instruct the jury.

The charge of the trial court in this case makes the defendant absolutely liable for the injuries resulting from the escape of cinders, unless the defendant had equipped its engine with the most approved spark-arrester in use without regard to the question as to the care it had exercised in selecting such spark-arrester and in having its engine equipped with the same, and thereby makes the defendant an insurer against any mistake in judgment in the selection or construction of such spark arrester. Missouri K. & T. Ry. Co. of Texas v. Carter, 95 Texas, 461; Frankford & B. T. P. Co. v. Philadelphia & T. Ry. Co., 54 Pa. St., 350; Jackson v. Chicago & N. W. Ry. Co., 31 Iowa, 178; Hoye v. Chicago M. & St. P. Ry. Co., 46 Minn., 269.

Where there is difference of opinion among expert machinists with reference to different kinds of spark-arresters, the law only imposes the duty on railway companies to select one of the best appliances in general use by railway companies for preventing the escape of cinders, and it is error for the court to instruct the jury that it is the duty of a railway company to equip its engines with the most approved spark-arrester, and that a failure to do so would render such company liable for damages.

The burden of disproving negligence is thrown upon a railway company by proof of an injury caused by sparks or cinders escaping from the engine, but it will be relieved of such onus by showing that it had equipped its engine with one of the best approved appliances for preventing the escape of cinders, and that ordinary care had been used to keep the same in good repair, and that it was carefully and skillfully handled by the engineer in charge thereof, and the burden of proof then shifts and is upon the plaintiff to show by a preponderance of the evidence that the defendant had been guilty of negligence which directly and proximately caused the injuries complained of, and the court should so instruct the jury. International & G. N. Ry. Co. v. Timmerman, 61 Texas, 663; Gulf C. & S. F. Ry. Co. v. Benson, 69 Texas, 409; Galveston H. & S. A. Ry. Co. v. Horne, 69 Texas, 646.

*Evans & Elder,* for defendant in error. (*H. D. Wood* also on brief in appellate court.)—As a general rule of practice it is not permissible for the court to instruct the jury that proof of certain facts will establish the fact of negligence upon which the action may be maintained, but in this class of actions a different rule has been established by the Supreme Court of this State, and the charge above given is not subject to the objection that it is upon the weight of the evidence. St. Louis S. W. Ry. Co. v. Parks, 73 S. W. Rep., 439; Texarkana & Ft. S. Ry. Co. v. O'Kelleher, 21 Texas Civ. App., 96; Gulf C. & S. F. Ry. Co. v. Johnson, 50 S. W. Rep., 563; Galveston H. & S. A. Ry. Co. v. Horne, 69 Texas, 643; Gulf C. & S. F. Ry. Co. v. Johnson, 51 S. W. Rep., 531;

International & G. N. Ry. Co. v. Timmerman, 61 Texas, 663; Railway Co. v. Rice, 24 Texas Civ. App., 374; Railway Co. v. Jumper, 60 S. W. Rep., 797; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Texas, 685; Fire Association v. Loeb, 25 Texas Civ. App., 24; Edwards v. Campbell, 12 Texas Civ. App., 236; Campbell v. Goodwin, 28 S. W. Rep., 273; Railway Co. v. Land and Cattle Co., 26 S. W. Rep., 79.

The rule adopted in this State whereby the court is authorized to charge the jury that, if sparks escape from a locomotive engine and injury results, the same creates a presumption of negligence or a prima facie case of negligence, until rebutted by proof of certain facts by the defendant, is based upon the fact that the injured party can not in the nature of things have access to the locomotive for the purpose of ascertaining if it is properly constructed and operated, and to require the injured party to make proof that there was negligence in the construction or operation of the engine or its appliances would in every instance be a denial of justice, and would allow the party doing the wrong to escape by concealing the facts which brought it about. Railway Co. v. Timmerman, 61 Texas, 663; Railway Co. v. Horne, 69 Texas, 648; Railway Co. v. Jumper, 60 S. W. Rep., 797.

GAINES, Chief Justice.—This was a suit by the defendant in error against the plaintiff in error to recover damages for an injury to his eyes. On a trial before a jury he recovered a judgment for $2500, which was affirmed in the Court of Civil Appeals.

The plaintiff testified, in effect, that while a passenger upon a train of the defendant company he went to a water cooler near the door of the car to get a drink of water, and while there some one whom he took to be the conductor opened the door, and that thereupon a shower of sparks and cinders rushed in at the door and struck him in the eyes, with the result that he lost the sight of one eye and that the other was injuriously affected. He also testified that the cinders were from the size of a pea to that of a bird shot. One Fanning, who was the companion of the plaintiff on the journey, testified that he was present at the time of the accident, and that the cinders "were from the size of bird shot up to a duck shot." The defendant company offered no evidence upon this point, but introduced testimony tending to show that the engine which was drawing the train was equipped with the most approved spark-arrester; that at the time of the accident it was in good order, and that the engine was properly and carefully handled. Upon the question as to whether due care was used in the selection of the spark-arrester there was a conflict in the testimony.

Such being the state of the evidence the court charged the jury as follows: "If you believe from the evidence that sparks of fire and cinders escaped from the defendant's engine and got into the injured plaintiff's eyes, as alleged, then such facts constitute a prima facie case of negligence on the part of defendant, and, in the absence of rebutting evidence sufficient to overcome such prima facie case of negligence, will

render the defendant liable for the injury occasioned thereby." This charge was assigned as error in the Court of Civil Appeals and is also assigned in the petition for the writ of error.

The proposition, that, when a passenger is injured on the train of a railroad company by reason of some accident not ordinarily incident to that mode of travel and it is shown that "the injury arose in consequence of the failure in some respects or other of the carrier's means of transportation," a rebuttable inference of negligence on part of the carrier arises, is well established by the authorities. See numerous authorities cited in 3 Thomp. on Neg., sec. 2754 et seq. But it does not follow, that, in such a case, where the carrier has introduced evidence tending to show due care on his part, it is proper to instruct the jury, that the proof of the accident and of the cause which authorizes the inference shifts the burden of proof and requires the defendant, in order to exonerate itself from liability, to show, by evidence sufficient to overcome that presumption, that it has exercised such care. In the case of the San Antonio & Aransas Pass Railway Company v. Robinson, 73 Texas, 277, it was distinctly ruled that such a charge was erroneous. There are expressions in the opinion in that case which do not meet our approval, yet we think the decision was correct.

In this class of cases, where there is a plea of contributory negligence or other plea which denies liability although the defendant may have been negligent, when the primary negligence is proved, then the burden is upon the defendant to establish such special plea by a preponderance of evidence. But upon the primary question of the defendant's negligence, in the absence of a statute which makes the act or omission complained of negligence per se, the burden never shifts, but is upon the plaintiff throughout the case. This is but the application of a general rule. In the case of Clark v. Hills, 67 Texas, 141, Chief Justice Willie says: "The general rule is that the burden of proof 'remains on a party offering a fact in support of his case, and does not change in any aspect of the cause; though the weight of evidence may shift from side to side, according to the nature and strength of the proof offered in support or denial of the main fact to be established.' (Citing Central Bridge Corporation v. Butler, 2 Gray, 132; Blanchard v. Young, 11 Cushing, 345; Spaulding v. Hood, 8 Cushing, 605.)

"Thus, in a suit upon a note, the burden of proving the consideration of the note was held to be on the plaintiff, and that he made a prima facie case by putting the note in evidence, which purported to have been given for value received; but it was further held that this did not shift the burden of proof as to consideration to the defendant, but the plaintiff retained it throughout the investigation of that fact. (Citing Burnham v. Allen, 1 Gray, 496; Delano v. Bartlett, 6 Cushing, 364.)

"'Prima facie evidence is given of the execution and delivery of a deed; contrary evidence is given on the other side, tending to negative such fact of delivery; this latter is met by other evidence, and so on through a long inquiry. The burden of proof has not shifted, though

the weight of evidence may have shifted frequently; it rests on the party who originally took it.' (Citing Powers v. Russell, 13 Pickering, 77.)"

The principle has been applied in numerous decisions in this court. Texas Central Railway Co. v. Burnett, 80 Texas, 536; Costley v. Railway Co., 70 Texas, 112; Stooksbury v. Swan, 85 Texas, 572; Heldt v. Webster, 60 Texas, 207. In the case last cited Justice Stayton announces the principle in the following language: "Any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature of things, is a charge upon the weight of evidence, and, although other parts of the charge given may have been correct, such an error will require a reversal of the judgment; and the fact that this court might be of the opinion that the evidence in the case justified the verdict found would not change the rule. The defendant was entitled to have the case submitted to the jury without any intimation from the court as to the relative force of a given fact." (We use the word "relative" as found in the recorded opinion instead of "putative" as shown by the published official report.)

Clearly an injury to a passenger on a railroad resulting from a derailment of a train or the abnormal operation of the machinery gives rise to an inference of negligence on part of the company which may authorize the jury to so find, and it may be that in such a case, where the defendant has offered no evidence to rebut the inference, the court would be warranted in instructing the jury to find for the plaintiff upon the issue. But where the defendant company has introduced evidence which tends to show that it has used all proper care to avoid such accident, a charge which instructs the jury that the fact of the injury is prima facie evidence of negligence, which the defendant is called upon to rebut by showing that it has used such care, gives a preponderating effect to the inference of negligence arising from the fact of the injury, shifts the burden of proof, and is a charge upon the weight of the evidence.

We are not unmindful that in many jurisdictions, and notably in the Supreme Court of the United States, similar charges have been upheld. Stokes v. Saltonstall, 13 Pet., 181; Gleison v. Railroad Co., 140 U. S., 435. In the case last cited it was held error to refuse to give a like instruction. Presumably in most of the jurisdictions where it is so held there exists no statute which, like ours, declares that the trial judge in his instructions to the jury "shall not charge or comment upon the weight of the evidence." Rev. Stats., art. 1317.

It is due to the learned judge who tried the case to say, that in cases of the destruction of grass or other property along the line of a railroad by fire claimed to have been caused by sparks from a passing engine of the company, charges in effect the same as that complained of here have been held not to be erroneous. Gulf, C. & S. F. Railway Co. v. Johnson, 92 Texas, 591, and other cases there cited. But in the opinion in the

case we here cite these are recognized as exceptional cases, and we are not inclined to extend the rule beyond the letter of those decisions.

It is also assigned, that the court erred in refusing a charge asked in behalf of the defendant, to the effect that the company was only required to use ordinary care in providing a safe spark-arrester; and the case of the Missouri, Kansas & Texas Railway Company of Texas v. Carter, 95 Texas, 461, is cited in support of that contention. The damages there claimed were for the destruction of property near the track of the railroad by fire, and the duty of the company in such a case is merely to use ordinary care to prevent the escape of sparks. Here we have a case of an alleged injury to a passenger; and in such a case it is incumbent upon the carrier to exercise the highest degree of care to prevent such injury compatible with the reasonable prosecution of its business. We think the charge was correctly refused.

It is also complained, that the court erred in refusing a special charge asked in behalf of the defendant, which, in effect, instructed the jury that if "the engine in question was equipped with one of the best approved appliances in common use on well equipped railways for preventing the escape of cinders, and the defendant had used ordinary care to keep the same in good repair, and that the same was carefully and skillfully handled by the engineer in charge thereof," then the burden was upon the plaintiff to show negligence. The charge was correct in so far as it sought to place the burden of proof upon the plaintiff as to the question of negligence; but it contained two propositions, which were erroneous and misleading. First, the company, as we have just pointed out, did not discharge its duty by using ordinary care to keep the engine in repair; and, in the second place, it was not all of its duty to select "one of the best approved appliances," but it was its duty to exercise that high degree of care incumbent upon carriers of passengers, in selecting the appliance. One of the best might not be the safest, and proper care might have led to the selection of a better. On the other hand, if the company did exercise that high degree of care incumbent upon it in making the selection, it ought not to be held liable, although the jury might have concluded that it had made a mistake and had not chosen the very best.

It is to be noted that counsel for the defendant in error rely upon the case of the Texarkana & Fort Smith Railway Company v. O'Kelleher, 21 Texas Civ. App., 96, in which a writ of error was refused by this court. No question as to the charge of the court is discussed in the opinion in that case, and we see from the petition for the writ of error which we now have before us, that no error was assigned in this court upon the instructions given to the jury upon the trial. The O'Kelleher case was very much like the case now before us—the difference being that in that case the injured party was not a passenger.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*