PHILIP MICHAEL V. SIGMUND RABE.

Decided June 16, 1909.

**1.—Practice—Overruling Exception.**

The failure of a trial court to submit an issue is tantamount to sustaining an exception to the pleading raising such issue; therefore the overruling the exception becomes harmless when the issue is not submitted. And so when the judgment is in favor of the party whose exception was overruled.

**2.—Husband and Wife—Wife's Separate Property—Divorce—Suit by Husband —Pleading.**

An agreement by a husband that certain money on hand (in this case, money earned by the wife) should belong to the wife, is sufficient to make the same her separate property; and such agreement might be proved under a general denial in a suit by the husband, after divorce from the wife, against a third party for possession of the money.

**3.—Charge—Undisputed Evidence—Assumption of Fact.**

When the undisputed evidence shows that only a certain amount of money is in controversy, although said amount is less than that alleged in the pleading, it is the duty of the court in submitting the case to state the actual amount involved.

**4.—Same—Practice.**

Matters which are indisputably established by the uncontroverted evidence, should be assumed as facts without submitting them to the jury.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*C. K. & H. K. Breneman,* for appellant.

*Carlos Bee,* for appellee.—Cullers v. Henry & James, 66 Texas, 494; Queen Ins. Co. v. May, 35 S. W., 829; Pool v. Sanford, 52 Texas, 621; Eccles v. Hill, 13 Texas, 65; Schwulst v. Neely, 50 S. W., 609; Mussina v. Goldthwaite, 34 Texas, 126; Smith v. Allen, 28 Texas, 497; Smalley v. Taylor, 33 Texas, 668; Dority v. Dority, 71 S. W., 955.

NEILL, ASSOCIATE JUSTICE.—Philip Michael sued Sigmund Rabe on a demand for money. His petition contains two counts, the first of which alleges that plaintiff deposited with defendant $1,000, of which defendant had repaid him $500, leaving a balance due him of $450, which he demanded of defendant but which defendant refused to pay him. In the second count he alleged that defendant was indebted to him in the sum of $1,400, being the reasonable value of services rendered defendant at his request by Hattie Rabe Michael, plaintiff's wife, as a servant, clerk and saleswoman, for a period of fourteen months, which defendant, after demand, had refused to pay him.

The defendant answered by a general denial, and specially, that during the time plaintiff alleges that the services were rendered by his wife, who was the daughter of the defendant, she was engaged as a clerk in defendant's store, and deposited with defendant at various times, out of her earnings, sums of money aggregating to about the

sum of $1,000, which money was held by defendant for her; that in April, 1905, defendant, at the instance and request of plaintiff's wife, paid plaintiff out of said sum of money deposited by her $500, which was expended by him and his wife in purchasing household furniture for their housekeeping; that afterwards, about July 1, 1905, the plaintiff and his wife separated, and have ever since lived apart, and since that time the plaintiff sold and disposed of the furniture so purchased with the money earned by his wife, and without paying her any part of it, kept it all himself; that after their separation plaintiff's wife, being absolutely dependent upon her own efforts for a support, requested and received from defendant the balance of said money, $500, earned by and due her, defendant paying the same to her, believing that she had the right to it, not only because she had earned it, but because of the separation between her and plaintiff. That the compensation, in the way of commissions on sales made by her, allowed his wife for her services, was understood and agreed to and acquiesced in by plaintiff, and that defendant owes neither plaintiff nor her anything.

The plaintiff's wife, who had obtained a divorce from him pending the suit and whose name by the decree had been changed from his to Hattie Grace Rabe, intervened in the suit, claiming that the money sued for was of her separate property and, in the event of plaintiff's recovery, she asked judgment against him for the sum of $500.

The case was tried before a jury, to whom it was submitted upon special issues, and upon their findings, together with the undisputed facts shown by the pleadings and evidence, the court rendered judgment against the plaintiff in favor of the defendant, and in plaintiff's favor as against the intervener.

These facts were shown either by admissions in the pleadings or indisputable evidence, and were incorporated in the judgment, viz.: (1) That plaintiff, Philip Michael, and the intervener, Hattie Grace Rabe, were lawfully married on April 30, 1898, and lived together until August, 1905; (2) that plaintiff and intervener were legally divorced on November 18, 1907, and (3) that there was no abandonment of the intervener by the plaintiff.

These facts were found by the jury upon special issues submitted by the court, viz.: (1) That Hattie Grace Rabe made a contract with defendant Sigmund Rabe for her services, whereby the defendant agreed to pay, and has paid her, five percent commissions on all sales made by her, in addition to board and lodging for herself and plaintiff; (2) that plaintiff knew of and acquiesced in said contract; (3) that a portion of said savings of Hattie Grace Rabe were deposited with defendant, and all of the savings were withdrawn by intervener and given to plaintiff, except $450, before plaintiff and intervener separated; (4) that defendant paid to intervener $450, which had been deposited with him from her savings, in good faith, under the belief that the sum of money legally belonged to her; (5) that the plaintiff agreed with intervener that said $450 remaining on deposit with defendant should belong to her; and (6) that plaintiff deposited no money with defendant. We find that the evidence is sufficient to warrant the findings of the jury.

*Conclusions of law.*—1. Inasmuch as the matters alleged in defendant's first amended original answer, against which the exception in plaintiff's first amended supplemental petition was directed, were not submitted to the jury, the action of the court in overruling the exception does not furnish a predicate for an assignment of error. For if it should be conceded that the exception was valid, the failure of the court to submit the alleged facts to which the exception was directed was tantamount to sustaining such exception.

2. Since judgment was rendered in plaintiff's favor against the intervener, the question as to whether the court erred in overruling his exceptions to her petition in intervention becomes purely academic. A final judgment in one's favor certainly is of more value to him than an interlocutory order of the court sustaining an exception he has taken to his adversary's pleadings; for when such an exception is sustained the pleading may be amended, but when such a judgment is obtained the matter is ended.

Plaintiff's right to recover the money sued for depended upon his proving that it was the community property of himself and wife. Any evidence that would go to prove that it was the wife's separate property would defeat his right of action and could be introduced by defendant under his general denial without being specially pleaded. If, then, plaintiff agreed with his wife that money she had earned and deposited with defendant (which the evidence showed was $450) should belong to her, such money became, by virtue of such agreement, her separate property; and defendant could, under his general denial, prove such agreement in defense of plaintiff's action. Therefore we overrule plaintiff's ninth assignment of error, which complains of the court's submitting the issue as to such an agreement between plaintiff and his wife upon the ground that such agreement was not pleaded by the defendant.

4. When the pleadings of the parties allege that the sum of money in controversy is greater than the sum which the undisputed evidence shows is really involved, it is the duty of the court, in submitting the case, to state the actual amount involved. Therefore, as the evidence indisputably proved that only $450 was really involved in the suit, the court did not err in assuming in its charge that such sum was really the subject of the controversy.

5. We overrule all assignments which complain of the court's refusal to submit other issues than those stated in its charge to the jury, for the reason that those submitted were all the material issues which arose from the pleadings and the evidence. Matters, though pleaded, which are indisputably established by the uncontroverted evidence, should be assumed as facts, without submitting them to the finding of the jury.

Our conclusions of fact dispose of those assignments of error which complain of the jury's findings being contrary to the evidence. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.