OWENS v. FIRST STATE BANK OF
BRONTE. (No. 5344.)

(Court of Civil Appeals of Texas. Austin.
April 29, 1914. Rehearing Denied
June 3, 1914.)

1. BANKS AND BANKING (§ 154*)—ACTIONS
BY DEPOSITOR—EVIDENCE.

In an action by a depositor who claimed that a balance was due him from a bank, where the bank claimed that it had properly charged his account with the amounts claimed, evidence showing the depositor's connection with an oil company, and that the amounts were charged in connection with the oil company's business, is admissible to explain such charges.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

2. BANKS AND BANKING (§ 154*)—DEPOSITS—
CONVERSION.

In an action by a depositor who claimed that a bank had converted funds belonging to him, the bank may show the depositor's connection with the partnership, in whose behalf it paid out the funds, to corroborate its contention that the payments were authorized.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

3. APPEAL AND ERROR (§ 1170*)—REVIEW—
HARMLESS ERROR.

Under court rule 62a (149 S. W. x), the improper exclusion of evidence will not justify a reversal, where it would not have affected the result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

4. EVIDENCE (§ 314*)—HEARSAY—WHAT CON-
STITUTES.

Where the members of a firm, at a conference, agreed that one partner should order machinery, a partner present at the conference may testify that the machinery was ordered for the firm; the matter being within his own knowledge and not hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

5. TRIAL (§ 252*)—INSTRUCTIONS—APPLICA-
BILITY TO EVIDENCE.

Where an issue is supported by evidence, it is proper for the court to charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. TRIAL (§ 296*) — INSTRUCTIONS — ERROR
CURED BY OTHERS.

In an action against a bank for money which a depositor claimed was wrongfully paid out, a charge that the depositor had the burden of proving his case, was not misleading and did not improperly place the burden of proof on him, where the court charged that the bank had the burden of proving its affirmative defenses of payment with authority and ratification.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Appeal from District Court, Coke County; J. W. Timmins, Judge.

Action by B. T. Owens against the First State Bank of Bronte. From a judgment for defendant, plaintiff appeals. Affirmed.

W. C. Merchant and Thomas & McCarty, all of San Angelo, for appellant. Blanks, Collins & Jackson, of San Angelo, for appellee.

RICE, J. · This suit was brought by appellant against appellee to recover $548.75 claimed as a balance due him from it, alleging that during the years 1908, 1909, and 1910, he had an account with said bank, during which time he had deposited to his credit therein several thousand dollars, but had prior to August 30, 1910, checked it all out except that amount; that on August 30, 1910, appellee had charged him with $500, on October 25, 1910, had made a like charge against him for $25, and on November 16th had charged him with $23.75, all of which were made without his authority; that but for which appellee's own books would show that it was indebted to him in said sum sued for; that on May 8, 1912, he drew a draft on said bank through the Farmers' & Merchants' Bank & Trust Company of Sweetwater for said amount, payment of which was refused.

Appellee answered by general denial, and specially denied that it owed appellant anything, and averred the facts to be that prior to August 30, 1910, appellant and J. B. Reilly, then cashier of said bank, W. A. Anderson, and one Weaver formed a partnership, known as the Owens Oil Company, to prospect for oil at Edith, each subscribing $500 to said company; that said company purchased certain machinery which had been consigned to it by the seller, with draft drawn through appellee attached to bill of lading; that this machinery could not be removed from the railroad depot until said draft was paid; that appellant authorized Reilly, appellee's cashier, to pay $500 thereon out of his funds at the bank and charge same to him, which he did, crediting the oil company therewith and debiting Owens' account with said amount; that the other items were paid out for expenses connected with the operation of said oil company's business by appellant's direction, and that said bank was in no way interested in said oil company; that, in addition to such express authority, appellant was estopped from setting up said demand against appellee because it had furnished him statements of his account, showing such charges had been made,

and he had ratified the same by acquiescing therein.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted. The facts show that appellant had an account with appellee, as alleged, but also showed that he had entered into said partnership, participated in the ordering of said machinery as well as the management and operation of the affairs of said company, and had subscribed $500 thereto; that he expressly authorized appellee's cashier Reilly to charge him with each of said items above set out; and that he was cognizant of the fact that said charges had been made against him and acquiesced therein, whereby he ratified same.

[1, 2] It is contended on the part of appellant, by his first three assignments, that the court erred in permitting appellee to show his connection with said oil company, as well as his participancy in the management thereof, on the ground that the same was immaterial and irrelevant. These assignments are overruled. Said evidence was admissible in explanation of how the charges came to be made by the bank against appellant. Besides this, since appellant had charged the bank with conversion of said fund, it had the right, in corroboration of its contention that the same had been paid out by his express authority, to show that said fund had been paid to said oil company for his benefit.

[3] While the court may have erred in refusing to permit appellant to show that in the spring of 1911 he had arranged to file suit against appellee for the items sued for herein, still we do not believe that this would constitute reversible error in the state of the record, since, in our opinion, it did not amount to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. See rule 62a (149 S. W. x) for the government of this court.

[4] It was not error, as contended by appellant, to permit Reilly to testify that the machinery had been ordered for the Owens Oil Company, because he stated that all the parties concerned had a conference before Weaver went to San Antonio, in which it was agreed that the same should be ordered by him for the company. These facts were matters within the witness Reilly's own knowledge, and not hearsay; hence the fifth assignment is overruled.

[5] There was ample evidence on the subject of acquiescence and ratification. We therefore overrule the several assignments of appellant complaining that the court erred in charging upon this subject.

[6] We do not think any error was committed by the court in its charge on the burden of proof. After stating that the plaintiff must prove his case by a preponderance of evidence, the court gave a special charge at the instance of appellant, to the effect that the burden of proof was upon appellee to establish its defense, viz.: That said payments were made by the authority of plaintiff, or that he had ratified same, and that unless defendant had established such facts of payment or ratification, by preponderance of the evidence, to find for the plaintiff. We do not think the jury could have misunderstood or been misled by this charge. Hence we overrule those assignments urging that the court improperly placed the burden of proof upon the plaintiff.

Believing that the evidence amply sustains the verdict and judgment, and finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.