**TEXAS & P. RY. CO. v. STIVERS.**
**(No. 949.)**

(Court of Civil Appeals of Texas. El Paso.
April 10, 1919. Rehearing Denied
April 24, 1919.)

1. CARRIERS ⬥⟹316(5)—CARRIAGE OF PASSEN
GERS—NEGLIGENCE—LIABILITY.

Where a railroad's bed, equipment, train,
etc., are shown to have been under management
of road or its servants, and a derailment, injuring a passenger, is such as in ordinary course
does not happen if those in charge use proper
care, a presumption of negligence arises.

2. EVIDENCE ⬥⟹472(1)—OPINION TESTIMONY
—CONCLUSION OF NONEXPERT.

In action against railroad for injuries to
passenger in derailment, testimony of plaintiff's
father that, since he (plaintiff) went to California, he had not been able to work in his
office, profession, business, or occupation, and
had been delicate, was inadmissible, as the
conclusion of one not an expert and invaded the
province of the jury.

3. APPEAL AND ERROR ⬥⟹1050(1)—EVIDENCE
—HARMLESS ERROR.

In action for injuries to passenger in derailment, improper admission of testimony of
plaintiff's father that, since plaintiff went to
California, he had not been able to perform his
work, *held* harmless, in view of other evidence
to the same effect.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by A. L. Stivers against the Texas
& Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, for appellant.
Cunningham & Oliver, of Abilene, for appellee.

WALTHALL, J. This suit was brought
by A. L. Stivers to recover of the Texas &
Pacific Railway Company damages for personal injuries alleged to have been sustained
by him while a passenger in a derailment
and wreck which occurred on that railroad
on June 17, 1916, near Putnam, in Callahan
county. Briefly stated, the petition alleged,
and the undisputed facts show, that on the
date and at the place above given A. L.
Stivers was a passenger on the west-bound
Sunshine Special train of appellant. At that
point the train, while running at a very high
rate of speed (the undisputed evidence was
that the train was running 75 miles an hour
downgrade, and that at the time of the
wreck several passengers were holding their
watches, estimating the speed), the entire
train, except engine and tender, left the
track, went down an embankment, and was
overturned and wrecked. After the wreck

the railroad track "looked like a rainbow;
the rails were twisted and the ties were cut
to splinters where the wheels ran over them."

The negligence alleged as causing the derailment, in addition to the high and dangerous rate of speed, was that appellant had
permitted its track, roadbed, ties, and rails
to become defective and unsafe, and its
train, engine, tender, cars, coaches, and
trucks to become defective, insecure, and
unsafe. Appellant answered by general denial, and that appellee was not injured in
the wreck of the train, and sustained no
damage thereby. Other than as to the rate
of speed, the fact of the wreck of the train,
and the appearance of the track after the
wreck, as above stated, appellee introduced
no evidence as to any specific defects, insufficiency, or unsafe condition existing in
either track or train, but relied solely on
the fact that the train was derailed and
wrecked. Appellant offered no evidence, excuse, or explanation as to the cause of the
wreck. On special issues submitted the jury
found that appellee was injured, and assessed his damages at $4,400.

[1] Appellant presents two assignments of
error. The first is to the giving of the following instruction:

"You are instructed that in this case derailment and wreck of defendant's passenger train,
as testified to by the witnesses in this case,
whether the same resulted from the spreading
of the track, the running off of the train, or the
breaking down of the train, being unexplained,
creates a presumption of negligence, which
makes it liable to any passenger who may have
sustained an injury in said wreck. You will
therefore, in considering of your verdict, consider only the questions of whether or not the
plaintiff was injured in said wreck, the extent
of his injuries, if any, and the amount of the
damages, if any, he has sustained thereby."

The insistence of appellant under this assignment is that the question as to whether
or not the defendant was negligent in the
handling, running, or operation of its train
was a question of fact, solely, to be decided
by the jury, and not a question of law; that
the instruction was an affirmative charge to
find for the plaintiff for all damages which
he may have sustained, the instruction being
upon the weight of the evidence. Appellant
refers us to Railway v. Thompson, 2 Tex.
Civ. App. 170, 21 S. W. 137, and A. & S. Ry.
v. Burleson, 157 S. W. 1178, as sustaining its
position. The first case, we think, is not in
point. The giving of the special instructions
in the Burleson Case presents a question
somewhat similar to the case at bar, and
yet we think that, inasmuch as in that case
"there was a reasonable explanation of the
derailment attempted," the case might be
differentiated from the case before us. Mr.
Chief Justice Conner, in discussing that case,
held that, while the fact of the derailment

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the train, unexplained, is prima facie evidence of negligence, the presumption of negligence thus arising from an unexplained derailment is a presumption of fact, and not of law, and said that it may be well doubted, in the present state of our decisions, whether the charge in that case, under the facts in that case, should have been given to the jury. But, as we construe that case, the court was not called upon and did not undertake to state what its holding would be, had there been no reasonable explanation of the derailment offered. The cases referred to by Judge Conner in deciding the Burleson Case are all cases in which the railroad company undertook to offer some explanation as to the cause of the derailment. The question here presented is: The party injured is a passenger, the track and the train at the time and place of the accident are entirely under the control of the company, a derailment of the entire passenger train, except the engine and tender, occurs, no explanation or excuse for the derailment appearing, or even suggested, does the very nature of the occurrence of the derailment of the train create such prima facie presumption of the fact of negligence of the company as to justify the court in charging the company with liability?

Without discussing at length each of the following cases, we have concluded that they so hold. It is not questioned but that negligence, ordinarily, is an issue of fact and not of law. However, we understand the rule to be that when a derailment of a passenger train occurs, and a passenger is injured and the derailment is shown, and no explanation is offered, negligence is implied. The company has always the means to rebut the presumption of negligence if unfounded. In G., C. & S. F. Ry. v. Smith, 74 Tex. 276, 11 S. W. 1104, Chief Justice Stayton, quoted from Feital v. Railway Co., 109 Mass. 405, 12 Am. Rep. 720, the following:

" 'The fact that the car runs off is evidence of defect or negligence somewhere, and when the track and the cars are under the exclusive control of the defendants' it has been held evidence of negligence sufficient to charge them, in the absence of any explanation showing that the accident happened without fault on their part. Le Barron v. East Boston Ferry Co., 11 Allen [Mass.] 312 [87 Am. Dec. 717]; Cooper v. London & Brighton Ry. Co., 5 Q. B. 747. It is not incumbent on the plaintiff after proving an accident which implies negligence to go further and show what the particular negligence was when from the circumstances it is not in his power to do so"

—and said:

"This rule seems well established by authority, and is grounded on reasons which commend its application in the ordinary transactions of life."

True, in the Smith Case evidence was offered to show that the derailment resulted from the spreading of the track, caused from the want of support from ties, and therefore, in Mexican Cent. Ry. Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103, Judge Gaines said the Smith Case could not be deemed an authoritative ruling upon the point. In Railway Co. v. Wilson, 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345, in which a petition was excepted to on the ground that it did not state the particular acts of negligence which caused the derailment of the car and injury, the Supreme Court sustained the ruling of the trial court in overruling the exception, and referred with approval to its former holding in the Smith Case. In M. C. Ry. Co. .v. Lauricella, supra, the court, after commenting on the charge of the trial court as shifting the burden of proof on defendant, and holding the charge to be error, said it did not follow, however, that the judgment should be reversed. The court quoted with approval the rule stated by Hutch. on Carriers, § 800, and said:

"It is a reasonable and sound doctrine that where a passenger is injured by an accident, such as the derailment of a train at a place where the track and train are entirely under the control of the company—that is to say, where they are not interfered with by any extraneous force—a presumption of negligence arises, and that, in order for the company to exonerate itself from liability for the injury, it must adduce evidence to show that the accident could not have been avoided by the exercise of the utmost care and foresight reasonably compatible with a prosecution of its business."

In that case the defendant undertook to give a reasonable explanation for the derailment, which possibly places the case in line with the Smith Case. In St. Louis S. W. Ry. Co. v. Parks, 97 Tex. 131, 76 S. W. 740, the Supreme Court said:

"Clearly, an injury to a passenger on a railroad, resulting from a derailment of a train or the abnormal operation of the machinery, gives rise to an inference of negligence on the part of the company which may authorize the jury to so find; and it may be that in such a case, where the defendant has offered no evidence to rebut the inference, the court would be warranted in instructing the jury to find for the plaintiff upon the issue."

In G., H. & S. A. Ry. Co. v. Miller, 191 S. W. 374, a suit by Miller, a passenger, to recover damages for injuries resulting in a derailment of a passenger train, and where the proof was that at the time of the derailment the train was moving at a speed of 45 miles an hour, the usual speed of that train at that place, but no other explanation of the wreck seems to have been given, the court charged the jury as follows:

"In this cause the undisputed evidence shows that the plaintiff was a passenger on one of defendant's trains, which was derailed, and wrecked while plaintiff was a passenger thereon. I therefore instruct you that defendant would be liable to plaintiff for any injuries, if any, which you may find from the evidence were directly caused by said derailment and wreck, and which are alleged in the petition."

The Galveston Court of Civil Appeals sustained the charge under the Railway v. Parks Case, supra. In St. Louis S. W. Ry. Co. v. Harkey, 39 Tex. Civ. App. 523, 88 S. W. 506, in which a writ of error was denied by the Supreme Court, the Austin Court held that, where the injured passenger in a train derailment had shown that his injuries were received in an accident resulting from a derailment of the train, it then devolved upon the appellant to show that the accident could not have been avoided by the exercise of the utmost care and foresight on its part. Especially do we refer to the apt comment on the rule above stated, by Mr. Justice Neill, of the San Antonio Court, in G., H. & S. A. Ry. Co. v. Fales et ux., 33 Tex. Civ. App. 457, 77 S. W. 234, and in which a writ of error was denied. The charge in that case is very similar to the one in the case before us. As said in that case, to hold that the charge is upon the weight of the evidence would be "to smother the soul and spirit of the law beneath the weight of a strict and rigid formula." In discussing that case, Mr. Justice Neill said:

"The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant, and of resulting injury to himself. Having done this, he is entitled to recover, unless the defendant produces evidence sufficient to rebut this presumption. * * * Therefore, having proved the resulting injury, they were entitled to recover. What harm, then, is done by the court not leaving it to the jury to say whether the derailment of the train was negligence? Had such an issue been submitted, the jury would have been bound to find on it in favor of appellees, for the undisputed evidence raised a fair presumption of negligence."

We think the cases referred to, and many others examined, but to which, for brevity, we make no reference, clearly establish the rule that where the thing, in this instance the roadbed, equipment, the train, and its management, is shown to be under the management of the defendant company, or its servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. McCray v. G., H. & S. A. Ry. Co., 89 Tex. 168, 34 S. W. 95.

[2, 3] Appellant by its second assignment claims reversible error in admitting in evidence the following statement in the deposition of W. K. Stivers, father of appellee:

"Since the time he (meaning appellee) went to California he has not been able to perform his work in his office or business, nor profession or occupation, and has been delicate."

The objection is that the answer to the question was a conclusion of the witness, and the witness did not show himself to be an expert, and the testimony invades the province of the jury. The witness, while not an expert, was so situated that he could observe and know the facts stated. We think the evidence should have been excluded. Express Co. v. Boyle, 39 Tex. Civ. App. 365, 87 S. W. 164; Railway v. Dempsey, 40 Tex. Civ. App. 398, 89 S. W. 787. Is the admission of the evidence reversible error? The record does not show when the deposition of the witness was taken. The evidence of a number of other witnesses, covering the time from a few days after the accident and for several months next thereafter, is to the effect that appellee was in the condition stated by the witness. The evidence is quite clear that prior to the accident appellee was in good physical condition. On June 22d, about six days after the accident, on reaching Riverside, Cal., Dr. Johnson was called to visit appellee, and on examination of appellee found injuries which he described, and said:

"His injuries totally disabled him from doing any business while he was under my care and while he was at Riverside."

After reaching his home in Missouri, in July, 1916, appellee was examined by Dr. Mitchell. Dr. Mitchell testified that he found on examination that appellee—

"had received an injury and that it had set up acute nephritis, and also I found that he had a rupture. I treated him for about a year, and I saw him from two to three times a week, and sometimes six or seven times a week. Dr. Stivers [appellee] suffered pain from his injuries, and sometimes to such an extent that I had to give him narcotics. * * * I made an examination of the urine at least 50 times, and I found sometimes blood, sometimes pus, sometimes albumen and earthy phosphates, and the same would indicate that he had a high grade of inflammation of the kidneys. Dr. Stivers had an inguinal hernia. When I first attended Dr. Stivers, I found that he had acute nephritis and it became worse, until now it is chronic. I would state that Dr. Stivers' case will never be much better and that he will continue to have attacks of nephritis from time to time, which attacks will last from one to six weeks, and party will be in bed during that time. * * * I will state that Dr. Stivers' case has already become chronic and will so remain."

Appellee, himself a physician, testified practically as did Dr. Mitchell. He said in addition:

"The doctors have all advised me to be quiet, and that is what I am doing.. I have not practiced my calling since my injury. I have not done it, because I am not able."

In our opinion the evidence, other than that objected to, is amply sufficient to warrant the verdict of the jury, and that the judgment should not be reversed because of the admission of the statement of W. K. Stivers. The admission of the statement, we think, was not reasonably calculated to influence the jury in arriving at their verdict. M., K. & T. Ry. Co. v. Burk, 162 S. W. 457; International Travelers' Ass'n v. Bosworth, 156 S. W. 346; Henson v. Baxter, 166 S. W. 460; Owens v. Bank, 167 S. W. 798.

Finding no reversible error, the case is affirmed.