**GULF, C. & S. F. RY. CO. v. DUNMAN et al.**
**(No. 7315.)**

Court of Civil Appeals of Texas. Austin.
Feb. 21, 1929.

Rehearing Denied March 27, 1929.

1054

Dibrell & Starnes, of Coleman, and Terry, Cavin, & Mills, Marshall Butz, and W. D. Baggett, all of Galveston, for appellant.

W. Marcus Weatherred and J. K. Baker, both of Coleman, for appellees.

McCLENDON, C. J. Appellee Mary I. Dunman owned an 8,000-acre ranch, situated about 2 miles north of the town of Novice, in Coleman county. Appellant's line of railroad traversed this ranch diagonally for a distance of about 2 miles. May 5, 1924, a freight train of appellant, consisting of some fifty-odd cars, among them a number of tank cars filled with crude oil and gasoline, was wrecked on that portion of the right of way extending through the Dunman ranch; as a result large quantities of oil and gasoline were spilled on the right of way and polluted the waters of a creek that flowed through the ranch, and furnished water for stock and domestic purposes. This suit was brought by Mrs. Dunman (her husband joining pro forma) to recover damages for the pollution of the stream. The trial, which was to a jury upon special issues, resulted in a judgment in favor of Mrs. Dunman upon two items of her claim: (1) $2,000 for the reasonable market value of the use of the ranch as a pasture during the time of the pollution; and (2) $500 for the injury to the water for domestic uses. Other items of damage claimed were found in favor of the railroad company, and need not be further noted. The railroad company has appealed.

Appellant's brief contains twenty-six propositions, a number of which complain of rulings upon the pleadings and upon special issues relating to items of damage found in its favor. It should not be necessary to cite authority for the manifestly elementary proposition that a jury finding in favor of a party upon an item in issue renders harmless, in so far as such party is concerned, any error in the rulings of the court upon the pleadings and charges relating to such item. This legal principle is thus tersely stated by Associate Justice Neill in Michael v. Rabe, 56 Tex. Civ. App. 441, 120 S. W. 565: "A final judgment in one's favor certainly is of more value to him than an interlocutory order of the court sustaining an exception he has taken to his adversary's pleadings; for when such exception is sustained the pleading may be amended, but when such a judgment is obtained the matter is ended."

We sustain the propositions complaining of the ruling of the court upon the pleadings and special issues relating to the $500 item for injury to the water for domestic uses. The pleading upon this subject we quote in full: "That by reason of the contamination and pollution of the water used by plaintiffs for their home use and domestic purposes, they were further damaged in the sum of $1,000.00."

An overruled special exception to this allegation urged: (1) That it was a mere opinion or conclusion of the pleader; (2) that it was an allegation of special damage without any statement of facts authorizing its recovery; and (3) that it was an attempt to recover double damages.

We overrule the third objection and sustain the first and second. Obviously, the pleading was insufficient as against a special exception to put appellant upon notice of the facts upon which this item of damage was based.

The evidence was likewise vague and uncertain. While the testimony showed that the water was made unfit for drinking and other domestic purposes, no criteria were furnished by the evidence from which the amount of damage thus occasioned might be even approximately arrived at.

Exceptions were filed to the allegations of the petition upon the issue of negligence; and it is also contended that the evidence in this regard was insufficient to support the jury findings. Propositions upon these issues are overruled.

The petition alleged generally that plaintiffs were unversed in the knowledge of railroad construction and maintenance and train construction and operation, and generally that appellant was negligent in such construction, maintenance, and operation, and the facts with reference to such negligence were within the knowledge of appellant and unknown to appellees. These allegations were

clearly sufficient, and it was only necessary for appellees to show the wreck in order to raise the issue of negligence as a fact question. This proposition seems to be well established. Gulf, C. & S. F. Ry. Co. v. Smith, 74 Tex. 276, 11 S. W. 1104; St. Louis Southwestern R. Co. v. Parks, 97 Tex. 131, 76 S. W. 740; Texas & P. Ry. v. Stivers (Tex. Civ. App.) 211 S. W. 319; Texas Co. v. Giddings (Tex. Civ. App.) 148 S. W. 1142; Wilson Co. v. James (Tex. Civ. App.) 271 S. W. 424; John v. Railway, 42 Mont. 18, 111 P. 632, 32 L. R. A. (N. S.) 85; 45 C. J. p. 1285, § 773; Id. p. 1225, § 786; 20 R. C. L. § 145.

The jury found in favor of appellant upon the issue of negligence in the construction and maintenance of the track and in the construction of the train, but against appellant on the issue of negligence in the operation of the train. The right of way at or near the point of the wreck had the shape of a double curve; the train was long and heavy; and the jury might reasonably infer, in the absence of some other explanation, that the wreck was caused by a derailment due to excessive speed or some other negligent act in the operation of the train at that point. Authorities same as above.

Several propositions complain of the admission of testimony of several witnesses with reference to the speed of the train as it passed through Novice. These propositions are overruled for two reasons: (1) The evidence complained of was rebuttal testimony introduced by appellees after appellant had introduced testimony of one of its train operators to the effect that the speed of the train was only about 12 or 15 miles an hour as it passed through Novice. (2) The evidence showed that Novice was only about a mile and a half or two miles from the point of the wreck; that the track from Novice to that point was on a down grade, and the train included more than 50 cars. We cannot say that the evidence had no probative force with reference to the speed of the train at the point of the wreck. Witnesses placed the speed at Novice at as high as 50 miles an hour.

A number of propositions question the sufficiency of the pleadings and evidence upon the $2,000 covering reasonable value of pasturage. These propositions we overrule. The pleadings alleged the deprivation of the pasturage use of the ranch for about a year by reason of the pollution of the water and the reasonable market value of such use or rental at $5,000. The proof was sufficient to establish loss of pasturage use for approximately a year, and a reasonable rental or market value of such use at 50 cents an acre per annum. The judgment award was only about 25 cents an acre. We hold the pleadings and evidence sufficient to sustain the judgment on this issue.

It is contended that the market value of the pasturage use or rental of the ranch was not the proper measure of damage for the pollution of the waters of the stream. We overrule this contention. It is a well-known fact that the value of pasture lands in the western portion of the state is largely affected by the water supply, common sources of which are creeks or other streams flowing through the land. These streams, though in dry seasons ceasing to flow, continue their water supply from pools or water holes. The evidence showed that the waste oil gradually seeped or was washed by occasional rains into the creek and polluted the pools and water holes, thus rendering the water unfit for stock for about a year, and resulting in consequential loss of the use of the ranch for grazing. This condition is one which might reasonably be expected as a result of large quantities of oil in close proximity to a stream of this character; and, where the depositing of such oil was due to a wreck negligently caused, we think the rental or market value of the use of the pasture lands was an injury which might reasonably have been foreseen as a result of such negligence.

The errors above pointed out require a reversal of the trial court's judgment; but, since they affect only one item therein, the appellees may, if they desire, file a remittitur and have the judgment in other respects affirmed.

The trial court's judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.

### On Motion for Rehearing.

In rehearing motion, appellant contends that, even granting that proof of the derailment and wreck established a prima facie case of negligence under the doctrine of res ipsa loquitur, such case was completely overthrown by the evidence appellant produced, to the effect that it was not negligent in the particular found by the jury, namely, the operation of its train. In support of this contention, appellant quotes the first portion of section 784 of the article on "Negligence," 45 C. J. 1221, 1222, which includes the following: "The presumption or inference is overcome and rebutted if defendant's explanation sufficiently *establishes* that he was not guilty of negligence in connection with the injury complained of." (Emphasis ours.)

It is clear from the following unquoted portion of this section that "establishes" was used in the sense of "proves conclusively as a matter of law," and not in the sense merely of adducing evidence, which, if true, will rebut the presumption: "The mere fact that defendant has introduced evidence which, if accepted by the jury, would exonerate defendant, does not ordinarily destroy the presumption of negligence raised by plaintiff's proof so as to authorize a finding of the absence of negligence as a matter of law or warrant an affirmative direction for defendant."

As further pointed out in this section, the doctrine does not affect the general rule that, where the evidence admits of but one reasonable conclusion, the question becomes one of law.

█ We agree with appellant's contention to the effect that the burden did not rest upon it to rebut the presumption by a preponderance of the evidence. The burden of proof which originally was upon plaintiffs to make out their case, including actionable negligence of defendant, was not shifted to the latter by evidence that raised the presumption. For a discussion of this subject, see Thetford v. Woodmen (Tex. Civ. App.) 273 S. W. 666, and authorities there cited. We have not here, however, the question of the burden of proof, but only that of the sufficiency of the evidence to support the jury finding of negligence in the operation of the train; and, while appellant's evidence was sufficient to support a verdict in its favor on that issue, it was not of such conclusive character as to establish want of negligence on its part as a matter of law. It is true appellant's witnesses testified to a proper handling of the train; but these witnesses were all in its employ, and therefore not disinterested, and the facts they testified to were not established as a matter of law by their testimony. The jury could disregard their evidence, even though it was not contradicted.

In Kohner v. Traction Co., 22 App. D. C. 181, 62 L. R. A. 875, the proposition is stated thus: "Unless, therefore, we are to adopt the theory that the plaintiff's prima facie case only lasts until the defendant has offered some explanation, and that such explanation, whether true or false, destroys the presumption of negligence raised by the plaintiff's proof, and casts upon the plaintiff the necessity of proving by additional testimony in rebuttal that, notwithstanding the explanation, there was in fact negligence on the part of the defendant, there is no escape from the conclusion that the case must be submitted to a jury."

The court say they find no warrant in reason or in adjudicated cases for such a theory. We quote further: "It does not follow that, because an explanation is sufficient in law, therefore it is true; nor does it follow that, because it is true, it is sufficient to exonerate the defendant. The explanation may be true as far as it goes, and yet it may not be sufficient to overcome the presumption of negligence raised from the circumstances of the accident. The case is not one of uncontroverted testimony on the one side and no testimony, or no sufficient testimony, on the other side. It is a case of testimony of circumstances on the one side from which negligence may be inferred, and testimony of circumstances on the other side

from which it may be inferred that there was no negligence. This undoubtedly makes a case for submission to the jury, with proper instructions from the court, which would not permit a proper defense to be ignored."

The following is from Warren v. Telegraph Co., 196 Mo. App. 549, 196 S. W. 1030: "The credibility of the explanation and its sufficiency were questions for the jury, and the prima facie case of the plaintiff is not necessarily overthrown by uncontradicted evidence that the appliances were constructed and operated in a proper manner."

While there is some authority for appellant's contention (see 45 C. J. p. 1224, note 66), the above decisions we think announce the correct rule. The issue of negligence in the operation of the train was under the evidence a fact question for the jury.

The motion is overruled.

Overruled.