### KETCHUM et al. v. GILLESPIE.

### No. 9013.

Court of Civil Appeals of Texas. Austin.

Nov. 6, 1940.

**216**

Horace H. Shelton, of Austin, for appellants.

Looney & Clark, of Austin, for appellee.

McCLENDON, Chief Justice.

Suit for damages caused by an automobile crashing into a private residence. The suit (filed in the justice court and appealed to the county court) was by Gillespie, owner of the house, against Mrs. Ketchum (owner of the automobile) and her husband.

Error is assigned upon two points:

1. In not directing a verdict for appellants because there was no evidence of negligence on Mrs. Ketchum's part; and

2. In admitting the testimony of Grove to the reasonable value of repairs to the house, on the ground that his testimony was not rebuttal in character, and Grove was allowed to testify after the case was closed under an agreement that his testimony would be confined to rebuttal.

Mrs. Ketchum accompanied by a lady friend drove one afternoon to the residence of Sam Dickens at the top of a steep hill on Blanco Street in Austin. Mrs. Ketchum parked her car against the curbing at the top of the steep incline. She went into Dickens's residence and shortly was followed by her lady friend. In a few minutes a crash was heard and it was discovered that the car had slid down the hill and crashed into Gillespie's residence. Mrs. Ketchum (corroborated by her friend) testified that she securely set the brakes before leaving the car. She did not testify when she had last had the brakes tested, nor that she put the car in gear. She and Dickens testified that there were marks of rubber on the curbing where the car had been parked, indicating that it had slid down the incline. It is manifest that the incline was too great to park the car with safety at the angle it was parked against the curb; or there was some defect in the brakes or the manner in which they were set. There was no evidence that the car was set in motion by any external force. The doctrine of res ipsa loquitur clearly applies and the issue of Mrs. Ketchum's negligence was properly submitted to the jury. Many analogous Texas cases might be cited. See 30 Tex.Jur. p. 802 et seq.; Gulf, C. & S. F. Ry. v. Dunman, Tex.Civ.App., 15 S.W. 2d 1053, affirmed, Tex.Com.App., 27 S.W. 2d 116, 72 A.L.R. 90. On all fours is the case of Glaser v. Shroeder, 269 Mass. 337, 168 N.E. 809, 810, holding that the unexplained starting of an automobile when parked and left alone is evidence of negligence. Here, as there, "the grade of the street demanded caution"; and the unexplained moving of the car was evidence that requisite care had not been observed. "It is not usual for automobiles thus left to begin to move and to gain momentum."

Upon the second point: Gillespie got bids on the job of repairing the damage to his house from several contractors. He let the contract to Grove, whose bid of $120.-90 was lowest. Denmark, who also bid, testified for plaintiff that his bid ($148) was reasonable. He was plaintiff's only witness in chief on reasonable value of repairing the house. Ketchum (an architect) and a contractor who frequently worked for him, but did not bid on the job, testified that $47 was reasonable for the repairs. This was the status of the evidence on this point when both sides rested with the above agreement as to Grove's testimony, the substance of which was to the effect that his bid of $120.-90 was reasonable. The verdict and judgment were for this amount on this item.

The assignment directed to Grove's testimony is overruled on two grounds.

1. It was clearly in rebuttal of that of Ketchum and his contractor witness. 17 Tex.Jur. p. 372.

2. Even if it were original testimony, it was discretionary with the court whether he would permit its introduction and his action in that regard is not reviewable except for abuse of his discretion, which is not shown. 17 Tex.Jur. p. 373.

The trial court's judgment is affirmed.

Affirmed.